**McCANN v LOCAL UNION No. 476, BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA**

Ohio Appeals, 7th Dist, Mahoning Co

No 2488. Decided October 21, 1938

John Ruffalo, Youngstown, for appellant.
James S. Cooper, Youngstown, for appellee.

## OPINION

By NICHOLS, J.

John J. McCann, plaintiff filed amended petition in the Common Pleas Court of Mahoning County against local Union No. 476, Brotherhood of Painters, Decorators and Paperhangers of America, defendant, in which he alleged:

"That defendant is a labor union, deriving its authority, power, organization and jurisdiction through a charter obtained from the main or central union of the Brotherhood of Painters, Decorators and Paperhangers of America; that defendant, Local Union No. 476, is an unincorporated association and a subsidiary of said main organization aforesaid; that local union No. 476 has one hundred members or more, and maintains an office in the city of Youngstown; that the individual members of the local union are too numerous to be sued as individuals and that the local union has created and is possessed of a trust fund collected from dues and otherwise paid into the local union by the individual members thereof and that such fund is used for the payment of any and all just and legal claims the individual members may have against the local union; that there is a community of interest between the officers and all members of the union.

"Plaintiff says that at the time of the grievances herein complained of said local union, defendant, had in its employ a certain Russell A. Bowen, who was its business head and agent, and such agent, among other things, had supervision and charge and disposal of the various claims, demands and otherwise, of the individual members of said union.

"On the 11th day of June, 1936, and for some time prior thereto, plaintiff was a member of said local union. At about 10:30 o'clock on the evening of said day, while standing on the sidewalk in front of premises known as 22 East Boardman Street, in said city, shortly after having attended a meeting of said union, and briefly discussing with said Russell A. Bowen regarding certain claims which plaintiff justly had before the said union, when suddenly, unexpectedly and without cause or provocation, the said Russell A. Bowen, wilfully, unlawfully, brutally and maliciously assaulted plaintiff by striking him viciously over the left jaw, * * * ."

Plaintiff further alleges certain injuries were inflicted upon him, which are specifically set forth in the amended petition, by reason of which he was required to incur certain expenditures, and whereby he says he has been damaged in the sum of $15,000.000, "for which amount he prays judgment against defendants herein."

For its answer defendant admits it is a labor union as alleged in the amended petition, and that it is an unincorporated association and a subsidiary of the main organization; admits that it has one hundred members, or more, and maintains an office in the city of Youngstown; admits that on the 11th day of June, 1936, and for some time prior thereto, Russell A. Bowen was employed by it as its business agent.

Further answering, defendant specifically denied that Russell A. Bowen, as its business agent, had supervision and charge and disposal of the various claims, demands and otherwise of the individual members of the

union, and specifically denied any knowledge of the allegations of plaintiff's amended petition regarding any altercation between Russell A. Bowen and plaintiff; and further generally denied each and every other statement, allegation and averment in plaintiff's amended petition not in its answer admitted to be true.

Further answering, defendant says that the amended petition of plaintiff does not state a cause of action in favor of plaintiff as against defendant.

For reply, plaintiff denied each and every statement, allegation and averment of the answer which are not admissions of the statements and averments contained in his amended petition.

It may here be noted that neither by demurrer nor by answer did defendant raise any question as to the suability of defendant; nor did defendant attack the petition on the ground that the court had no jurisdiction of the person of defendant. We can not conclude, however, that such failure on the part of defendant implies that a separate legal entity is created, exclusive of the individuals constituting the membership of the local union. The petition specifically alleges that defendant is an unincorporated association and in such case it is the membership that is sued; that is, all of the members of the local union, of which plaintiff alleges he is one.

The cause coming on for trial to the court and jury, defendant, at the conclusion of the opening statement of counsel for plaintiff, moved the court to dismiss the amended petition on the ground that plaintiff, in his opening statement, has failed and neglected to state a cause of action against defendant. This motion was overruled and exceptions noted. At the conclusion of plaintiff's evidence, defendant renewed its motion for dismissal of the amended petition and that judgment be rendered for defendant, "for the reason that the plaintiff has failed to show that the act complained of in the petition was an act of the defendant, or that the defendant caused the damage complained of by the plaintiff." This motion was, likewise, overruled and exceptions noted. At the conclusion of all the evidence, defendant renewed its motion made at the close of plaintiff's testimony that the petition of plaintiff be dismissed and a judgment rendered for defendant, for the reason "that the plaintiff has failed to show that the act complained of in the petition was an act of the defendant, or that the defendant caused the damage complained of by the

plaintiff." This motion was also overruled and exceptions noted.

The jury returned its verdict in favor of plaintiff and against defendant in the sum of $8,000.00. With three days from the rendition of the verdict, defendant filed two motions, the first being a motion for judgment nothwithstanding the verdict, for the following reasons:

"(1) That the petition of plaintiff fails to state a cause of action in favor of plaintiff as against this defendant.

"(2) That the evidence is insufficient in law to support any finding in favor of the plaintiff as against this defendant."

The second motion of defendant was for a new trial, wherein seven specific grounds are alleged.

The trial court sustained defendant's motion for judgment nothwithstanding the verdict and rendered judgment for defendant and against plaintiff. Hearing on the motion for new trial was reserved by the trial court pending determination of finality of judgment. Plaintiff has duly prosecuted appeal to this court upon questions of law.

In the journal entry of the court sustaining the motion for judgment notwithstanding the verdict, it is set forth that "the court finds on the statements in the pleadings, the evidence introduced therein, the defendant is entitled in law to a judgment in its favor."

The only assignment of error is that the trial court erred in sustaining the motion for judgment notwithstanding the verdict, it being claimed that the petition stated a cause of action and that the evidence as adduced upon the trial fairly showed that plaintiff was entitled to recover.

Sec. 11601, GC, as amended in 1935, provides:

"When, upon the statements in the pleadings or the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."

Do the statements of the pleadings or the evidence received upon the trial show any right to a judgment in favor of plaintiff? If not, it must be held that defendant is entitled by law to judgment in its favor

notwithstanding the verdict. In determining whether plaintiff may have judgment against defendant under the pleadings and evidence, two propositions are involved, the determination of either of which against appellant must result in an affirmance of the judgment of the Common Pleas Court. First, does plaintiff's amended petition, together with the evidence introduced upon the trial, state and prove a cause of action? In determining this first proposition the court may not weigh the evidence if there is any evidence in the record from which reasonable minds can arrive at different conclusions, construing such evidence most favorably to plaintiff. Second, under the pleadings or evidence, or both, have plaintiff's allegations and proof shown that he has no right to sue defendant?

Taking up the first of these propositions, it is observed that after first alleging that defendant is a labor union and as such is an unincorporated association of one hundred members or more, of which he was one on June 11, 1936, at the time of the grievances complained of, the following is the only allegation of the petition showing the relationship to defendant of the person who is alleged to have assaulted plaintiff:

"Plaintiff says that at the time of the grievances herein complained of said local union, defendant, had in its employ a certain Russell A. Bowen, who was its business head and agent, and such agent, among other things, had supervision and charge and disposal of the various claims, demands and otherwise, of the individual members of said union."

Nowhere in the petition do we find any allegation that Russell A. Bowen, as such agent of defendant, assaulted plaintiff while in the course of his employment or agency; nor does the opening statement of counsel for plaintiff to the jury contain any statement to the effect that the alleged assault was committed by Bowen upon plaintiff while acting in the course of his employment or agency. The simple allegation of the petition with reference to the assault is as follows:

"On the 11th day of June, 1936, and for some time prior thereto, plaintiff was a member of said local union. At about 10:30 o'clock on the evening of said day, while standing on the sidewalk in front of premises known as 22 East Boardman Street, in said city, shortly after having attended a meeting of said union, and briefly discussing with said Russell A. Bowen, regarding certain claims which plaintiff justly had before the said union, when suddenly, unexpectedly and without cause or provocation, the said Russell A. Bowen wilfully, unlawfully, brutally and maliciously assaulted plaintiff by striking him viciously over the left jaw."

Without any allegation that Bowen was acting in the course of his employment or agency, we think the court should have sustained defendant's objection to the introduction of any evidence under this amended petition and opening statement of counsel, the objection that plaintiff had failed to state a cause of action having been timely interposed.

Without setting forth the evidence contained in the record, we think it sufficient to say that after carefully considering all of the evidence introduced upon the trial, there is a total failure upon the part of plaintiff to produce any evidence from which reasonable minds might arrive at different conclusions but must find that at the time of the alleged assault of Bowen upon plaintiff, Bowen was not acting in the course of any agency or employment of defendant, and for the reasons stated the trial court was justified and required to sustain the motion of defendant for judgment in its favor notwithstanding the verdict.

Upon the second proposition involved, we are clearly of the opinion that from the allegations of the amended petition and the evidence, judgment in favor of defendant was justified and required in that the amended petition and evidence conclusively show no right of action in plaintiff against the local union of which he was at the time of the grievance complained of a member and of which he was a member at the time of the institution of the action and verdict of the jury.

Plaintiff's amended petition clearly alleges that at the time of the alleged assault and for a long time previous thereto he was a member of the unincorporated association and labor union against whom his action is brought. True, the evidence indicates that some time previous to the 11th day of June, 1936, the date of the alleged assault, plaintiff had been suspended from the local union for non-payment of dues, but (on p 65 of the record) plaintiff testifies that after that date he paid all his dues, and (on p. 103 of the record) the financial secretary of the union, Mr. Frankford, testifies that on June 11, 1936, plain-

tiff's dues were paid and he was reinstated to membership in the union. The record also discloses that plaintiff had never been dropped from the rolls of membership in the local union but merely certain privileges were denied him as a suspended member until, as testified by the financial secretary, he paid $41.00 on June 11, 1936, when "he paid me $41.00, that was the amount required to put him in good standing." So that it clearly appears from the amended petition and evidence that on and after June 11, 1936, the date of the alleged assault, plaintiff was and is a member of the unincorporated association, composed of one hundred members or more, constituting the labor union against which he files his action. Essentially is his a claim that all the members of the organization, including himself, assaulted him and his suit directed against the entire organization, and he is, therefore, suing himself; if Bowen is the agent of the labor union, he is also agent of plaintiff, and while he may have a cause of action against his agent he may not sue his co-principal.

In Koogler et al, Trustees, v Koogler, 127 Oh St 57; 186 NE 725, it is held in the syllabus:

"1. An unincorporated subordinate lodge of the Independent Order of Odd Fellows is a voluntary association, and its members are engaged in a joint enterprise.

"2. One who is a member of such lodge in good standing at the time of injury cannot recover damages from the lodge for personal injury, as there is no liability."

Plaintiff's allegation in his amended petition, as well as the evidence, contained in the record, clearly show that plaintiff was a member of the unincorporated voluntary association, in good standing, at the time of his alleged injury and has clearly brought himself within the rule that no liability exists against the association of which he is a member.

To the same effect is the case of McClees v Grant International Brotherhood of Locomotive Engineers, 12 OO, 111, to which we refer and call attention particularly to the following language in the opinion:

"The plaintiff seeks to hold the membership liable for the dereliction of certain officers of the organization, who, of course, were agents for the entire body. It appears from a review of the evidence that these officers were overruled by the membership in open meeting. Still the plaintiff seeks to hold the membership, the entire membership for damages because of the dereliction of duty of such agents, who it is also very plain were his own agents just as much as the agents of the other 399,999 members of the defendant. Certainly a principal may sue an agent for dereliction of duty, but, certainly, he may not sue his co-principals for a dereliction in duty of their common agent."

The cases cited by the Court of Appeals of Hamilton County in McClees v Locomotive Engineers, supra, are in point.

It is the finding of this court that no error prejudicial to plaintiff intervened in the Common Pleas Court, and it follows that the judgment of that court must be, and the same is affirmed.

CARTER and BENNETT, JJ, concur in the judgment.