MIAZGA ET, PLAINTIFFS-APPELLANTS, *v.* INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, LOCAL 18, ETC., ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 26670, 26671, 26672, 36673, 26674 and 26675.

Decided July 29, 1964.

*Messrs. Rudd, Ober & Miller, Mr. Charles R. Miller,* of counsel, *Mr. Charles J. Donohue,* for plaintiffs-appellants.

*Messrs. Clyne, Moran & Perelman,* for defendants-appellees.

*Per Curiam.* It is the claim of the movant that the judgment to which the Judges of this Court have agreed in this case is in conflict with a judgment pronounced upon the same question by the Court of Appeals of Hamilton County (First Appellate District) in the case of *McClees* v. *Grand International Brotherhood of Locomotive Engineers*, 59 Ohio App., 477, decided February 7, 1938, and also in conflict with the case of *McCann* v. *Local Union No. 476, Brotherhood of Painters, Decorators and Paperhangers of America*, 28 Ohio Law Abs., 385 (App. Mahoning Co.), decided October 21, 1938.

We hold that there is no basis for the claim of conflict with the *McClees case, supra,* and as to that case the motion is overruled.

We find, however, that the judgment to which we have agreed in this case is in direct conflict on nearly identical facts and conclusions of law with the *McCann case, supra,* and therefore, as indicated by the entry, certify this case to the Supreme Court for review and final determination upon the authority of Article IV, Section 6 of the Constitution of Ohio.

In the opinion of this court it is clear that our conclusions were, in part, based on Chapter 1745, Revised Code, passed effective September 30, 1955, providing that an unincorporated association may ''be sued * * * as an entity under the name by which it is commonly known and called.'' This Chapter also provides that only the assets of the association and not that of the individual members can be subjected to a judgment, execution, and other process in a case brought under this Chapter.

We have examined the cases which hold that even if a court of appeals finds that there is a conflict between its decision and the decision of another court of appeals, yet, if the Supreme Court has announced a decision which establishes a

rule of law which was applied by the court of appeals which determined its judgment to be in conflict with a judgment on the same subject entered by another court of appeals, then such conflict is of no consequence and the case should not be certified to the Supreme Court. *Whipp* v. *Industrial Commission of Ohio*, 136 Ohio St., 531; *Farm Bureau Mutual Automobile Ins. Co.* v. *The Buckeye Union Casualty Co.*, 147 Ohio St., 79; *Matthews* v. *Russell*, 61 Ohio Law Abs., 441 (App.), where the headnote provides:

"After the Supreme Court has established the rule of law any such conflict with a decision of another court of appeals is of no consequence."

The opinion cites the *Whipp case, supra,* and *Village of Struthers* v. *Sokol*, 108 Ohio St., 263.

Whether the principles of law determined by these cases should apply in holding that a certification should not be made where, under like circumstances, a statute is passed subsequent to the date of the case upon which the conflict is based on the same subject but in accord with the law of the case to which the motion to certify is directed has not been passed upon by the Supreme Court. Because of the fact that the basis of our opinion deals with principles of the common law which conclude that the defendant Union should be recognized as a legal entity for the reasons stated in the opinion which rule of law has, in effect, been restated by Chapter 1745, Revised Code, we leave the question of whether or not, under these circumstances, a certification should not be made for the consideration of the Supreme Court, it being clear that the Constitution directs this court, under the circumstances, because of a conflict, to certify this case.

Skeel, C. J., Silbert and Corrigan, JJ., concur.