## WILLBARGER v CO-OP CAB CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2802.   Decided Nov 19, 1937

Horace S. Kerr, Columbus, and Robert E. Leach, Columbus, for plaintiff-appellee.

Carl W. Lortz, Columbus, for defendant-appellant.

## OPINION

**By THE COURT**

This action originated in the Municipal Court of Columbus and was appealed to the Common Pleas Court of Franklin County.   In the Common Pleas Court the plaintiff sought to recover damages occasioned by alleged negligent acts of the defendant in the operation of an automobile at the intersection of Fisher Road and Hague Avenue in Franklin County on the 25th of September, 1935.   The defendant filed a general denial and also a cross-petition for damages to its automobile.   The court dismissed the cross-petition and the jury found for the plaintiff in the sum of $300.00.

Appropriate motions were made and notice of appeal given and the case comes to this court on appeal on questions of law.

One car was owned by the appellee, Francis G. Willbarger and was driven by his brother.   The other car belonged to the defendant, appellant, and was being driven by a cab driver.   Hague Avenue extends north and south and Fisher Road crosses it east and west.   The plaintiff's car was being operated in a northerly direction and that driven by the defendant in an easterly direction.   The plaintiff's car approached the crossing from the right of the defendant and as neither road was a main thoroughfare, had the right of way, provided it was being operated in a lawful manner.   Both cars were damaged and each party claims that the other was negligent and that there was no contributory negligence on the part of the one claiming damages.

We have read the evidence in this case and regard it as a typical intersection collision in which each party claims to be free from fault and that the other was negligent.   These questions were submitted to the jury.   The defendant having presented its evidence and rested the plaintiff moved the court for an order directing a verdict in favor of the plaintiff on the defendant's cross-petition for the reason that the defendant had not established that the driver of the plaintiff's automobile was engaged in the plaintiff's business or acting within the scope of authority from plaintiff at the time of the accident.   This motion was sus-

tained by the court on the ground that there was no agency established and the cross-petition was dismissed. Upon consideration of the issues then joined, the jury awarded the verdict in favor of plaintiff, as above indicated.

The plaintiff's evidence tended to show that the east going car struck the north going car, but the defendant, the owner of the east going car, introduced evidence tending to prove that the north going car struck the east going car. Exhibits show the damage done to the plaintiff's north going car. We do not regard it as of great consequence whether the north going car struck the east going car or the east going car struck the north going car. Under the statute, the north going car, if being lawfully operated, had the right of way and the collision resulted from the fact that both cars reached the center of the intersection at the same time.

The defendant rests its defense largely upon the fact that a man by the name of Goff into whose custody the taxi cab had been delivered by the officials of the taxicab company at about five o'clock on the evening of the accident, had violated the rules of the company in driving the taxicab beyond the metropolitan area of Columbus without first having obtained permission of the company to make the trip. It also asserts that the evidence clearly shows that Goff and a companion Busick were engaged on a private pleasure expedition which took them beyond the metropolitan district and that Goff was not acting within the scope of his employment and in fact acting directly contrary to the rules of the taxicab company. On the other hand, there is evidence that Goff, during the course of his employment, picked up Busick and transported him a distance west of Hague Avenue on Fisher Road but that they did not reach the final destination because Busick found that there was not time for him to do so and reach a midnight engagement in Columbus. The taxicab then turned and headed back toward Columbus, and struck the plaintiff's car at the intersection.

Busick and Goff both testified that Busick was to pay Goff, as agent of the defendant, a flat rate for the transportation to his destination and back to Columbus. Busick admits that he did not pay the sum agreed upon, but gives as the reason that he never reached his destination in Columbus, the accident preventing completion of the trip. Evidence was introduced attacking the veracity of both Busick and Goff.

The jury was the sole judge of the weight to be given to the testimony of the various witnesses and this court is not justified in interfering with a verdict unless the trial court was in error in some matter pointed out.

The chief attack is made upon the charge of the court as follows:

"If this (the defendant's) automobile was operated by an agent or servant within the scope or apparent scope of the employment, then the defendant would be liable for any damages resulting from the negligent operation of that car, providing the person who was damaged is not precluded by reason of his own negligence.

"Now with respect to the question as to whether or not the defendant's automobile was being operated while the operator, the driver John Goff, was acting within the scope or the apparent scope of his authority, I charge you as a matter of law that if he was carrying a passenger for hire from which the defendant company would benefit, then the agent was within the apparent scope of his authority whether or not he was violating some or any of the rules of the company with respect to the operation of that car. But if he had gone upon an expedition of his own, was not operating the car for the benefit of the company, then the company would not be liable for any damage which he occasioned while on an expedition of his own."

We are of opinion that the charge of the court was not erroneous and that the jury was the proper judge as to whether the taxi driver was acting within the scope or apparent scope of his employment.

Another claim is made that the evidence shows that the plaintiff approached the crossing at a high and dangerous rate of speed and therefore did not enjoy the preference given to him by the statute relating to intersections. This matter also was for the jury and we can not say that the verdict was against the manifest weight of the evidence. Other errors are asserted, but we do not find them well taken.

The judgment of the court below is affirmed.

Entry accordingly.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.