## YOUNG et v SWARTZ

Ohio Appeals, 2nd Dist, Franklin Co

No. 3279. Decided Dec 31, 1940

Russ Bothwell and Clifford Rose for plaintiffs-appellants.

Arnold, Wright, Purpus & Harlor, Columbus; Earl F. Morris, Columbus, and H. Bartley Arnold, Jr., Columbus, for defendant-appellee.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of the defendant.

The action was for property damages by reason of a collision of a car driven by Young with an automobile which it was claimed was negligently driven by Swartz.

The cause was tried to a jury, verdict for defendant and judgment on the verdict after motion for new trial was overruled.

Four errors are assigned:

(1). The giving before argument of defendant's special charges 1 and 2.

(2). In admitting in evidence a statement of defendant, Swartz, to his attorneys respecting the accident out of which the cause of action arose.

(3). Verdict is contrary to law.

(4). Error in overruling plaintiff's motion for judgment in their behalf notwithstanding the verdict.

The facts appearing pertinent to the questions presented are that plaintiff, Young, was, on October 4, 1939, driving his Dodge automobile eastwardly on Bryden Road, Columbus—he states at a speed approximately thirty miles per hour—approaching Rhodes Avenue, a thoroughfare which crosses Bryden Road from the north and south thereof. Plaintiff further says that he had stopped his car one square west of Rhodes Avenue before moving up to Rhodes Avenue on Bryden Road; that as he came to Rhodes Avenue he suddenly observed the automobile of defendant, a Cadillac, moving into the intersection in a southerly direction and at a distance of 15 or 20 feet; that when he first saw the Cadillac the front thereof was about 5 feet to the north of the center line of Bryden Road; that as soon as he observed the Cadillac he put on his brakes and skidded 10 feet, coming into collision with tne Cadillac. It appears that the plaintiff, at the time of the first impact or immediately thereafter, swerved his car to his south and the cars came to rest at the southeast corner of Bryden Road and Rhodes Avenue. The damage to the Dodge was in the front and to the left side thereof. The damage to the Cadillac was to the right rear fender.

The defendant and his wife, who was a passenger with him, testified that he was moving southwardly in Rhodes Avenue which is a stop street at Bryden Road; that he stopped his car at the intersection, moved on into Bryden Road in second gear and was moving thereon at a speed of ten to twelve miles per hour; that there was a truck parked around the corner from Rhodes Avenue on Bryden Road on the north side thereof and west of Rhodes Avenue; that he looked both east and west as he came into the intersection; that he could see for a distance of approximately 200 feet to his west when he looked; that he did not see Mr. Young's car until it was about 20 feet away from him, and that the impact occurred when defendant's car was south of the center line of Bryden Road and the rear thereof about on the center line. He states that he put on his brakes, but that he did not skid his car; that plaintiff was moving about 40 miles per hour as he came into the intersection.

The truck driver, a Mr. Bukey, testified on behalf of the defendant and although he gave pertinent testimony on two vital matters, namely, whether or not the defendant stopped as he came into Bryden Road, and the speed of plaintiff's car, it is doubtful if this testimony had any proper probative effect. He said in a statement given to counsel for plaintiff that the Cadillac failed to stop as it came into Bryden Road, but admittedly he did not make this determination by observation of the car at the time that it came up to Bryden Road, because he could not then see it. He also says that the Cadillac was in high gear as it moved across Bryden Road, but it is indeed doubtful if he could tell what gear it was moving in at the time. He also says that the plaintiff immediately prior to the impact was driving 40 miles per hour, and he draws this conclusion because of the length of the skid marks which were shown to have been made by the Dodge. Of course, such opinion evidence, without more, is of no effect.

The negligence charged against the defendant was in neglecting to yield the right of way to plaintiff, to keep

**326**

his automobile under control, and to check its speed or divert its course after he saw plaintiff's automobile in the intersection ahead of him.

The defense was a denial of any negligence, together with the claim that plaintiff lost his preferential right of way in Bryden Road at the intersection because he did not proceed into the intersection in a lawful manner.

The court charged the jury before argument at the request of the defendant, as follows:

"(1). I charge you, members of the jury, that Harry H. Young had the right of way as he approached and entered the intersection of Bryden Road and Rhoades Avenue, provided he was proceeding in a lawful manner, and if you find that he was not proceeding in a lawful manner, he forfeited his right of way and was relegated to his common law rights.

"(2). I charge you, members of the jury, that if Harry H. Young, as he approached and entered the intersection of Bryden Road and Rhodes Avenue, was driving at a speed that was greater than reasonable and proper, having regard to the traffic, surface and width of the street and of any other conditions then existing, he was not proceeding in a lawful manner."

The giving of these charges is the first error assigned. Number 1 is supported by the third proposition of the syllabus in Morris v Bloomgren, 127 Oh St 147, and by the first syllabus in Slocumb v Wurst, 25 Abs 477, and Willbarger v Co-Op Cab Company, 26 Abs 257, and likewise is recognized and approved by all three opinions in Slocumb v Wurst. The second special charge which follows the identical language of §12603 GC was appropriate and properly given.

The second assignment of error is directed to the admission in evidence of a written statement given by defendant, Swartz, soon after the collision occurred, to attorneys, who, upon the record, represented him.

To get the setting under which this statement was admitted, it will be necessary to quote from certain parts of the record. Mr. Swartz was on the stand on cross-examination. The line of interrogation prior to that which we first quote had been general in nature. There had been no inquiry directed to the specific occurrences at the time of and immediately before tne collision. At pages 2, 3, and 4 the following appears:

"Q. Following this accident attorneys Vorys, Sater, Seymour & Pease interviewed you in regards to the accident?

MR. MORRIS: I object to the question, Your Honor. I can't conceive what the counsel's purpose would be.

THE COURT: Well, I can't see the reason for asking that question, Mr. Bothwell.

MR. BOTHWELL: I will withdraw the question, Mr. Morris.

BY MR. BOTHWELL:

Q. Following the automobile accident attorneys Vorys, Sater, Seymour & Pease obtained a signed statement from you, did they not?

A. A statement? Yes.

Q. Now, that statement contained only the truth regarding the accident, did it not? A. Yes, sir.

Q. And you have no objection to my seeing that statement, do you?

A. I don't have that.

Q. It is in the possession of your attorneys? A. Yes.

Q. You have no objection to asking them to give it to me?

A. No, not at all.

Q. Well, I will request that you ask them to give that statement to me.

MR. MORRIS: I am going to object to the question, Your Honor, and I believe that my objections will be well taken.

(Transcription of argument omitted by request).

THE COURT: Now I think it is only fair to the witness to understand that this is a privilege between the attorney and his client, and the statement

that he makes to his attorney is private and he doesn't need to divulge.

MR. SWARTZ: I will avail myself of that, Judge.

THE COURT: All right. You wish to state your exceptions, Mr. Bothwell?

MR. BOTHWELL: Yes, Your Honor.

MR. MORRIS: I take it that Your Honor has sustained the objection. Now, Mr. Bothwell, here is a copy of the statement—I would have given it to you before if you had asked for it.

THE COURT: I doubt whether or not you can give it to him.

MR. MORRIS: I did though.

MR. BOTHWELL: I will give it back to him—I haven't read it.

THE COURT: All right."

No other or further reference was made to the statement and no attempt made to offer it at the time. Later when the defendant was offering his testimony and when Mr. Swartz was on the stand the statement was marked for identification, his signature thereto proved and over the objection of counsel for the plaintiff the court admitted the exhibit, deleting therefrom only so much thereof as related to statements that Mrs. Swartz had made to the plaintiff following the accident. This statement was very complete and recited in detail the version of the collision as given by the defendant, and in all particulars confirmatory of his testimony at the trial. It was clearly self-serving and not admissible unless a situation arose by reason of the occurrences at the time that the statement was requested by counsel for plaintiff which prejudiced the defendant, so that the prejudice could only be removed by its admission. This is the claim of defendant in his brief and it is urged that counsel intimated that the statement contained something other than the truth and then when it was voluntarily given to him refused to read it. We cannot so interpret this record. Mr. Swartz had readily admitted the statement, indicating a willingness to produce it and to give it to counsel for plaintiff, but counsel for defendant, within his rights, urged

that it was privileged. The court then informed the defendant that he was not required to divulge the contents of the statement, that it was a privileged communication given to his attorneys in that relationship, whereupon the defendant availed himself of that privilege.

At the time then that the defendant had invoked and secured the favorable action of the court the plaintiff had no right whatever to offer the exhibit. No question had been put to the witness which in any particular attacked his credibility as to any part of the written statement. There had been no attempt to contrast any answers made by defendant with any answers given in the statement. So that, up to this place in the record no prejudice to either party attended. The statement was then handed to counsel for plaintiff. He made no comment respecting it and took no other or further steps to attempt to introduce it. If any inference whatever would arise in this situation, it would be that, either there was nothing in the statement which would advantage plaintiff or, if there were, he was completely foreclosed from offering it and this situation developed because the court had, upon the objection of counsel for the defendant, refused to permit the statement to be given to counsel for the plaintiff.

We would not, however, upon this state of the record alone, hold that the admission of the statement was prejudicial, although, clearly it was erroneous. We have heretofore set out the evidence somewhat in detail and it clearly appears that the result of this case depends upon the testimony of the parties and Mrs. Swartz and must be determined largely by the credibility which the jury accorded them. The effect of having this written statement of the defendant before the jury was tantamount to another witness. It also had implications which were beneficial to the defendant. It reiterated his testimony that he stopped as he approached the intersection; that he was only moving at a very slow rate of

speed; that he had gotten well through the intersection when the collision occurred and particularly that the plaintiff was moving at a rate of speed which the jury had the right to say was excessive, namely 50 miles per hour.

All of this was damaging to the plaintiff and worked an undue advantage to the defendant. But the statement went further and said that the Dodge, "did not slow down or try to avoid striking my machine," then went on: "I went down to the police station this afternoon to make a full report. No charges were filed against me. I do not feel that the accident was in any way my fault."

Here are found conclusions of the witness as to his due care and the imputation that the plaintiff was at fault. The jury may have believed that, inasmuch as the defendant had reported to the police and no charges were filed against the defendant, this was a finding that he was chargeable with no negligence.

In this case, which is close on the facts, it is well within the probabilities that this statement may have weighed materially with the jury in reaching its verdict. **Warden v Jacobs, 58 Oh St 77.** We are satisfied that in the circumstances its admission was prejudicially erroneous to the plaintiff.

We have examined the other errors assigned and find no merit in them.

The second assignment of error is well made and upon that ground the judgment will be reversed and cause remanded.

GEIGER and BARNES, JJ., concur.