By the Court.
 

 The facts in this case are not in dispute, and present the simple question whether the assets of an insolvent firm, in the hands of a receiver for the purpose of liquidation and distribution only, should be listed by such receiver for the purpose of taxation. This question was answered in the affirmative by the lower courts.
 

 Though under the previous decisions of this court
 
 (McNeill, Assignee,
 
 v.
 
 Hagerty, Auditor,
 
 51 Ohio St., 255, 37 N. E., 526, 23 L. R. A., 628, and
 
 French, Treas.,
 
 v.
 
 Bobe, Assignee,
 
 64 Ohio St., 323, 60 N. E., 292), there is found some support for the contention of counsel for the receiver that under the circumstances here presented the receiver should not return said property for taxation, Section 5372-1, General Code, as now in force, is determinative of the question. The portion of that section applicable reads as follows:
 

 
 *440
 
 “Personal property, moneys, credits, investments in bonds, stocks, joint-stock companies, or otherwise in the possession or control of a * * * receiver * * * on the day preceding the second Monday of April in any year, on account of any person or persons, company, firm, partnership, association or corporation, shall * * * be listed by the person having the possession or control thereof and be entered upon the tax lists and duplicate in the name of such * * * receiver * *
 

 The provisions of this statute are broad and comprehensive and require the listing of property by a receiver having possession thereof upon tax-listing day; no distinction being made between property which is then a portion of a going concern being operated under order of court and assets then in the hands of a receiver for the purpose of liquidation and distribution. There can be no doubt of the power of the Legislature to require receivers, trustees, and assignees to make return of and pay the taxes upon property in their possession.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.