within 70 days after the date of the filing of the entry of the final order or judgment complained of, it becomes at once evident that this court has not acquired jurisdiction to review the questions here involved.

The petition in error will therefore be dismissed.

*Petition in error dismissed.*

RICHARDS, P. J., and WILLIAMS, J., concur.

Judges RICHARDS, WILLIAMS and LLOYD, of the Sixth Appellate District, sitting in place of Judges CROW, HUGHES and JUSTICE, of the Third Appellate District.

CAMPBELL *v.* EDDY.

(Decided June 27, 1927.)

*Mr. Dawson E. Bradley* and *Mr. Joseph W. O'Hara,* for plaintiff in error.

*Messrs. DeCamp, Sutphin & Brumleve,* for defendant in error.

HAMILTON, P. J.    Defendant in error, Orpha Eddy, brought suit in the court of common pleas of Hamilton county against plaintiff in error, L. J. Campbell, upon a claimed breach of a contract of employment.    She recovered a verdict at the hands of the jury, and judgment was entered on the verdict.    From that judgment plaintiff in error prosecutes error to this court, claiming there was error in the charge of the court, and that the verdict was against the weight of the evidence.

We will not disturb the verdict on the ground that the judgment is against the weight of the evidence. If the jury believed the plaintiff's testimony, they were justified in returning the verdict they did.

The point is made that the court erred in its charge to the jury in stating, ''I think your verdict in this case will necessarily be for the plaintiff.''   However, it appears from the record that counsel for the defendant admitted that he was willing to pay plaintiff $39.   Whereupon counsel for plaintiff stated a minimum verdict that could be returned would be $39, plus interest.   Counsel for the defendant then stated: ''That is agreeable to me.''   So that the court was justified in charging the jury that their verdict must necessarily be for the plaintiff, and might have stated that the minimum sum would be

$39, plus interest.    There was no error in this statement.

The main ground of error stressed is the following, taken from the general charge of the court:

"If you find that the employment was for a period of six months and that there was no breach of this employment on the part of the plaintiff, therefore, plaintiff would be entitled to recover the sum of $28.00 per week for the full period of six months, plus her traveling expenses * * *."

It will be observed that the court did not charge the jury that this amount should be minimized by the efforts of the plaintiff to secure other employment, and it is argued that, without this modification, the measure of damage is erroneous and the charge reversible error.

There was no request on the part of counsel for the defendant below, nor was the court's attention in any manner called to this omission, if such it may be termed.    If it is an omission, then it was the duty of counsel to call the court's attention to the same, and, if counsel failed to do so, error cannot be predicated on the omission.

It must be conceded that the statement of the court was correct as far as it went.    It omitted to mention the requirement that the plaintiff should use reasonable effort to secure employment to minimize the damage.    There is no doubt, had counsel called the court's attention to the omission, the court would have included it, since it is a fundamental proposition.

In the case of *City of Zanesville* v. *Goodrich*, 14 Ohio App., 228, and *Delivery Co.* v. *Callachan*, 9 Ohio App., 65, it was held that error could not be predi-

cated on an omission to charge on contributory negligence, where there was no request to so charge on the part of counsel. The case of *Beeler* v. *Ponting*, 116 Ohio St., 334, 156 N. E., 599, held that the failure to charge on the subject of *res ipsa loquitur* was an omission to which it was the duty of counsel to call the court's attention.

While it is the settled rule that error cannot be predicated on an omission to charge, unless the matter is called to the court's attention, we call attention to these specific cases in order to arrive at a conclusion as to whether or not the failure of the court to charge on the responsibility of the plaintiff to seek employment was a mere omission. Contributory negligence would completely defeat a recovery. *Res ipsa loquitur* seriously affects the burden, going to the evidence and the right to recover.

The defense of privileged communication in a suit for slander might completely defeat recovery.

If these are omissions, it would seem that the omission to call attention to the matter in question, which might affect the amount, is an omission to which it was the duty of counsel to call the court's attention.

However that may be, the plaintiff below was fully interrogated on the question as to what effort she had made to secure employment after her discharge, and she gave ample testimony to support a reasonable effort to secure employment and the failure. The defense offered no evidence whatever to refute her evidence on that question. The case, therefore, went to the jury on substantial evidence that the plaintiff had used every endeavor to secure

employment and minimize her loss; so that no prejudicial error resulted to the defendant were the failure to charge on the question more than an omission.

We find no prejudicial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*

CUSHING, J., concurs.