By the Court.
 

 The basis for the reversal by the Court of Appeals was “the overruling of motion for a new trial upon the ground that the admission in evidence of statement made by deceased employee to a fellow workman subsequent to claimed injury as to fact of such injury was erroneous which error was not cured by the cross-examination of the fellow employee relating to same subject-matter.
 
 Bake
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 627, followed.”
 

 In the syllabus of the
 
 Bake case, supra,
 
 decided July 12, 1939, this court made the following restatement of the settled rule:
 

 “The admissibility of a statement under the doctrine of
 
 res gestae
 
 depends upon its having been spontaneous or impulsive. It need not be strictly contemporaneous with the incident to which it relates, but should be in the nature of an exclamation and not a narrative of a past event.”
 

 The action of the Court of Appeals was of course proper in recognizing this principle of law. Likewise, a study of the record discloses that that court was correct also in applying this rule to the facts in the instant case.
 

 But, curiously, after that court had properly recognized and applied the law as restated by this court as recently as July 12, 1939, it then proceeded to certify the record to this court for the stated reason that the judgment is in conflict with a decision of another Court of Appeals rendered June 19, 1920 — more than nineteen years previously. With reference to the vig
 
 *533
 
 orous controversy as to whether there is an actual conflict between the decisions of the two Courts of Appeals this court expresses no view, inasmuch as Section 6 of Article IY of the Constitution of Ohio imposes upon the Courts of Appeals the power and duty to consider and decide that question; and when a Court of Appeals finds such a conflict and certifies the record of the case to this court, the certification is final and not subject to review by this court. Howver, it is pertinent to observe that the Constitution manifestly confers this power and duty upon the Courts of Appeals for the single purpose of promptly bringing such conflict to the attention of this, court when it has not previously had an opportunity to make a pronouncement as to the particular principle of law involved; but after this court has established the rule, any such conflict with a decision of another Court of Appeals is of no consequence.
 

 Inasmuch as the Court of Appeals was correct in reversing the judgment of the Court of Common Pleas and remanding the cause to that court for retrial, the judgment of the Court of Appeals is affirmed. The retrial will give the Court of Common Pleas an opportunity to make any entry that may be necessary to eliminate the confusion now complained of by the defendant as to the parties plaintiff but with reference to which thé present record discloses no objection.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.