By the Court.
 

 Section 11494, General Code, says explicitly that an attorney
 
 shall not
 
 testify concerning a communication made to him by his client in that relation, or his advice to his client, unless the client gives express consent. However, when the client voluntarily testifies, the attorney may be compelled to testify on the same subject.
 

 An examination of the record herein discloses that while Mr. Spooner testified to some matters which cannot be properly classed as privileged, he also testified as to matters which were of a confidential nature and concerning which the defendant had not voluntarily testified. As pointed out by the Court of Ap
 
 *595
 
 peals, much of this testimony was given on so-called rebuttal.
 

 That plaintiff may have been present during most of the conversations between Mr. Spooner and the defendant would make no difference. The general rule that communications between an attorney and his client in the presence of a third person are not privileged, does not apply when such third person is the agent of either the client or the attorney.
 
 Bowers
 
 v.
 
 State,
 
 29 Ohio St., 542; 70 Corpus Juris, 433, 435, Section 583; 8 Wigmore on Evidence (3 Ed.), 602, Section 2311.
 

 “It is essential to the ends of justice that clients should be safe in confiding to their counsel the most secret facts, and to receive advice in the light thereof, without peril of publicity. Disclosures made to this end should be as secret and inviolable as if the facts had remained in the knowledge of the client alone.”
 
 Dickerson
 
 v.
 
 Dickerson,
 
 322 Ill., 492, 500, 153 N. E., 740, 743.
 

 We have examined the cross-assignments of error urged by the defendant and find them insufficient to entitle her to final judgment.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.