By the Court.
 

 This is an election contest for the office of judge of the Common Pleas Court, which comes to this court on appeal on questions of law under Section 4785-172, General Code, from the Court of Appeals of Stark county, where it originated by virtue of the provisions of Section 4785-166, General Code.
 

 Under appellant’s assignment of errors, he makes the following contentions:
 

 1. That this court should review all errors of law, including the weight and sufficiency of the evidence. We hold that, except to the extent necessary to comply with Section 11364, General Code, this court is not required to pass upon the weight of the evidence in an
 
 *325
 
 election-case appeal. Sections 4785-172 and 12223-31, General Code.
 

 2. That the trial court erred in holding that appellee had filed his application for a recount in conformity with Section 4785-162, General Code. We find no error in such holding.
 

 3. That the trial court erred in overruling appellant’s objection to the introduction of evidence showing the true date of the finishing of the official count. We find no error prejudicial to the appellant in the trial court’s rulings upon the introduction of such evidence.
 

 4. That the trial court erred in requiring appellant to prove the claimed fraud by “clear and convincing evidence, which left no room for doubt.” This assignment will be treated at length later in this opinion.
 

 5. That the trial court erred in not requiring appellee to show by clear evidence that the ballots counted in the recount were in the same condition as when voted on by the voter and recorded in the official count. We find no error prejudicial to the appellant in the trial court’s handling of this matter.
 

 Appellee filed a cross appeal, contending:
 

 1. That the trial court erred in failing to sustain appellee’s motion to dismiss appellant’s petition for the reasons: .
 

 (a) That the trial court was without jurisdiction for the reason that the required bond was not filed in compliance with Section 4785-167, General Code. We hold that there was a substantial compliance with Section 4785-167, and that no error prejudicial to appellee resulted.
 

 (b) That the facts set forth in the petition do not show a cause of action. We hold that the trial court’s ruling on this question was not erroneous and was not prejudicial to appellee.
 

 2. That the trial court erred in its rulings on the
 
 *326
 
 admissibility of evidence. We find no error prejudicial to the rights of appellee in such rulings.
 

 Coming now to the remaining question of burden or measure of proof:
 

 The enactment of the contest-of-election laws, Sections 4785-166 to 4785-174, General Code, is a valid exercise of the grant of legislative power expressed in Section 21' of Article II of the Constitution of Ohio, and the court procedure therein provided is addressed to the political rather than to the judicial power of the courts.
 
 Foraker
 
 v.
 
 Perry Twp. Rural School Dist. Bd. of Edn.,
 
 130 Ohio St., 243, 199 N. E., 74.
 

 Section 4785-172, General Code, provides, in part: “The person against whom the judgment is rendered may appeal on questions of law, within twenty days, to the Supreme Court of Ohio * * *. The laws and rules of the court governing appeals shall apply in the appeal of contested election cases.”
 

 Section 12223-31, General Code, which is a part of the Appellate Procedure Act, provides: “In a civil case or proceedings, except when its jurisdiction is original, and except as provided by Section 11364 of the General Code, the Supreme Court shall not be required to determine as to the weight of the evidence. ’ ’
 

 Section 4785-169, General Code, provides, in part: “The proceedings shall be similar to those in judicial proceedings, insofar as practicable, and shall be under the control and direction of the court which shall hear and determine the matter without a jury.”
 

 The judgment below, in favor of the contestee, is the result of a two-to-one decision by the Court of Appeals and is based upon the proposition that inasmuch as fraud is relied upon to disturb the result reached by the recount such proof must be clear and convincing. However, the court assumed that clear and convincing proof meant proof beyond reasonable doubt.
 

 In the course of the opinion of the majority below,
 
 *327
 
 it is stated: “ * * * inasmuch as fraud is relied upon to disturb the result reached by the recount, such proof must be clear and convincing. It must be more than persuasive. It must be
 
 such proof as leaves no room for doubt.
 
 # * *
 
 We content ourselves with the assertion that a doubt exists;
 
 that contester’s evidence is persuasive rather than convincing.” (Italics ours.)
 

 In the case of
 
 Merrick
 
 v.
 
 Ditzler,
 
 91 Ohio St., 256, 267, 110 N. E., 493, Chief Justice Nichols said: “The term ‘clear and convincing’ has come to have a well-defined meaning with the bench and bar. It indicates a degree of proof required in civil cases such as we referred to
 
 less than the degree required in criminal cases,
 
 but more than required in the ordinary civil action.” (Italics ours.)
 

 In 17 Ohio Jurisprudence, 406, it is said: “Clearly, in a civil action, evidence to prove fraud which does not amount to a criminal offense need not be such as to exclude all reasonable doubt. * * * Fraud is, of course, never presumed, but must be established by that degree of evidence required in law, and clearly proof of fraud must be at least by a preponderance of the evidence. But whether a preponderance of evidence is sufficient, or whether a greater degree, such as clear and convincing or clear and satisfactory evidence, is required, is a matter upon which there is some conflict of opinion in Ohio.”
 

 While there are holdings by respectable authorities outside Ohio that clear and convincing proof means proof beyond reasonable doubt, we are not here concerned so much in defining these terms as we are in defining the measure of proof required where fraud is claimed to have intervened in an election case, and for this purpose we accept the term “clear and convincing” subject to the definition given by Chief Justice Nichols in
 
 Merrick
 
 v.
 
 Ditzler, supra,
 
 as “less than the degree required in criminal cases, but more than re
 
 *328
 
 quired in the ordinary civil action, ’ ’ but not as requiring proof beyond reasonable doubt.
 

 In holding that the contester’s proof in the instant case must be such as leaves no room for doubt, the court below erred.
 

 Under the provisions of Section 11364, General Code, it is the duty of this court to certify on its journal whether or not in its opinion substantial justice has been done to the party complaining as shown by the record of the proceedings and judgment under review. This required us to examine the extensive record in this case. We have been delayed in the decision of this case by the necessity of such examination.
 

 In the course of the majority opinion, explaining the difference between the majority and the minority, it is said: ‘ ‘ Our divergence exists in the probative force and effect to be given contester’s evidence, meaning that part thereof produced by contester’s expert opinion and ocular demonstration. If all the other evidence in the proceeding were to be disregarded, then it might be said that contester has proved his case by the requisite degree of proof. But when we consider other credible testimony and documentary proof offered, we are of the opinion that such cannot be totally elided from the picture. It casts a doubt which must be weighed in contestee’s favor. This other evidence in many respects bears the element of truth and credibility. It cannot be disregarded.”
 

 While there is no direct proof that anyone was seen tampering with the ballots, the evidence is quite clear that the ballots were not at all times guarded and that there was the opportunity to perpetrate the fraud which some of the ballots clearly and convincingly exhibit.
 

 Therefore, this court is unable to determine and certify that in its opinion substantial justice has been done to the party complaining as shown by the record.
 

 We do not mean to be understood as passing upon
 
 *329
 
 the weight of the evidence in this case, or whether there is sufficient showing of fraud to change the result. What we hold is that to establish fraud in an election contest case the degree of proof required is only clear and convincing evidence as defined
 
 supra
 
 and not “such proof as leaves no room for doubt.”
 

 Being of the opinion that substantial justice has not been done to the party complaining as shown by the record, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Appeals of Stark county for further proceedings not inconsistent with this opinion.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Turner, Williams, Zimmerman and Bettman, JJ., concur.
 

 Matthias and Hart, JJ., not participating.