NICHOLL, EXR., APPELLEE, *v.* BERGNER ET AL., APPELLEES; BERGNER, APPELLANT.

(No. 1103—Decided May 18, 1945.)

Mr. R. H. Rice, for appellee Harry Nicholl, executor.
Messrs. Lemert & Lemert and Mr. Wayne C. Black, for appellee Edward G. Bergner.
Mr. Alexander Mintz, for appellant.

DOYLE, J. This action was commenced in the Probate Court of Lorain county to construe the will of Frances Nicholl, deceased.

The single question in controversy related to a latent ambiguity in respect to the identity of one of the beneficiaries. A one-seventh part of the residuary estate was given to one "Edward Bergner." The evidence disclosed two relatives who could be the natural objects of her bounty—one a brother named Edward G. Bergner, and the other a nephew named Edward C. Bergner. There is no doubt that she meant one or the other, and each claimed the share.

The trial court determined from the evidence that the brother—Edward G. Bergner—was the one intended, and so adjudicated the issue. The nephew—Edward C. Bergner—has appealed on questions of law from that judgment.

The appellant charges error in the refusal of the court to permit the introduction into evidence of the testimony of Miss McCauley, a niece of the testatrix, that the testatrix had said to her, "he won't like it"; "brother Ed. Bergner won't like the will."

In so ruling we are of the opinion that the court erred. While the proffered declaration gave rise to but a remote inference that the testatrix did not intend her brother to be benefited, nevertheless it should have been received under the rule that, where there is a latent ambiguity as to an intended beneficiary, oral

declarations of a testatrix which have a bearing on the identity of the person intended are admissible in evidence. The rule is concisely stated by Chief Justice Fuller in *Coulam* v. *Doull,* 133 U. S., 216, 33 L. Ed., 596, 10 S. Ct., 253, in the following terms:

"2. Where a devise is, on the face of it, clear and intelligible, yet from external circumstances an ambiguity arises as to which of two or more things or persons the testator referred to, it being legally certain that he intended one or the other, evidence of his declarations, of the instructions given for his will and of other circumstances of the like nature, is admissible to determine his intention."

See, also, 94 A. L. R., 275, and cases cited; 41 Ohio Jurisprudence, Wills, Section 506; *Painter* v. *Painter,* 18 Ohio, 247; *Townsend's Exrs.* v. *Townsend et al.,* 25 Ohio St., 477; *Charch* v. *Charch, Exr.,* 57 Ohio St., 561, 49 N. E., 408.

The appellant claims further error in the admission in evidence of the testimony of the testatrix's lawyer. It appears that the attorney who drew and witnessed the will was called as a witness by the brother and was asked the following question: "Do you recall the testimony offered to the effect that Mrs. Nicholl, on the way to the hospital with Miss McCauley, said 'he wouldn't like it,' referring to a provision in the will? Tell us whether or not you have had any conversation with the decedent, Mrs. Nicholl, in which she used language of a similar nature." To which he answered: "At the time of the first will that I drew for Mrs. Nicholl—and the residuary clause of that will was identical with the residuary clause of this will in question, dividing in seven shares and the same language used—I recall very distinctly her making this remark: 'My brother Ed. may not like it, because I have cut his share from two-elevenths with other provisions for his daughters to a one-seventh in this will.' "

This evidence should not have been admitted.

"2. Section 11494, General Code, disqualifies an attorney from testifying 'concerning a communication made to him by his client in that relation, or his advice to his client,' except by the express consent of the client, and when a testator procures his attorney as a subscribing witness to his will he by that act expressly consents that the attorney may testify as fully as any other subscribing witness touching the capacity of the testator or any other fact affecting the validity of the will. The object of requesting a person to witness a will is to assure the legal execution of the will and preserve the evidence thereof." *Knepper* v. *Knepper, Exr.,* 103 Ohio St., 529, 134 N. E., 476.

A declaration made to an attorney by his client in that relation cannot be given in evidence through the testimony of the attorney in an action *construing* a will, even though the attorney is the scrivener of and a subscribing witness to the will of his client. Under such circumstances, there is no presumption of the waiver of the statutory incompetency and the attorney cannot testify to declarations of his client bearing upon the intention, meaning or effect of the various provisions in the will.

The attorney whose testimony is challenged prepared two wills for Mrs. Nicholl—one in 1941, which was destroyed, and the one of 1942, now under consideration. His testimony related to a statement which referred to a change which was made in the first will prepared by him (1941), from a clause in a preceding will which she had executed through another attorney. The remarks of the testatrix were in reference to that situation, and were not in reference to the will for which a construction is here sought.

While we hold the testimony of the attorney to have been erroneously received, and the testimony of the witness McCauley to have been erroneously rejected,

we do not, under the circumstances of this case, determine that such rulings constitute error of a prejudicial nature, warranting a reversal. The testatrix had executed several wills prior to the one in force at the time of her death. In every one of them she had named her brother as a beneficiary and had not named her nephew, and in each of them she had designated him as "Edward Bergner." This, and other evidence which indicated her solicitude for her only remaining brother, is so convincing that there seems to be no doubt of her intention; and the erroneous rulings on evidence which created, at best in this case, but a remote inference of the testatrix's intention, we do not believe prejudicial.

The members of this court are of the opinion that substantial justice has been rendered, and that none of the claimed errors are errors of a prejudicial nature.

The judgment will therefore be affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and STEVENS, J., concur.