**SHADWICK, Plaintiff-Appellee, v. HILLS, ET AL., d. b. a. HILLS CAB COMPANY, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3897.   Decided October 8, 1946.

Russ Bothwell, Columbus, for Plaintiff-Appellee.
Clifford L. Rose, Columbus, for Defendants-Appellants.

**OPINION**

By THE COURT:

This is an appeal on law from the judgment of the Com-

mon Pleas Court of Franklin County, Ohio. The action arose in the Municipal Court of Columbus wherein the plaintiff was given judgment in the amount of $294.86 in an action to recover medical expenses resulting from injuries to the minor child of the plaintiff.

The case was tried without the intervention of a jury. The trial judge rendered a separate finding of fact and conclusions of law as follows:

### "Separate Finding of Law and Fact.

"The court finds the facts in this cause to be as follows: that on May 25, 1945, at about 10:45 A. M. plaintiff called for one of defendant's cabs. When the cab arrived plaintiff placed her four year old son in the rear seat of the cab through the left rear door of the cab. Upon invitation of the driver of the cab plaintiff seated herself in the front seat next to the operator of cab. The cab then proceeded west to Cassidy Ave. and then south on Cassidy toward Fifth Ave. Shortly after crossing a railroad spur track which ran across Cassidy Avenue it was noticed that the right rear door was open and the child was gone. Cab was being driven at approximately 20 miles per hour at that time. Driver of cab and plaintiff went back and found child in roadway. Then took him to Grant Hospital where he was treated and discharged. There was evidence that right rear door of the cab did not fit snugly up against the door post of the cab. Child had abrasions on back of head from the fall from moving of cab.

### "Conclusions of Law.

"Court finds for plaintiff for $294.86 and costs. It is the conclusion of the Court that defendant was negligent in allowing a child of tender years to ride unattended in the rear compartment of its cab."

We have read the record and find the evidence to be conflicting on the principal issues of fact. The trial judge resolved the issues of fact in favor of the plaintiff. On Appeal to the Common Pleas Court of Franklin County the judgment of the trial court was affirmed.

There is assigned as error the action of the trial court in overruling the motion of the defendants-appellants to find in their favor, made at the close of plaintiff's case and renewed at the close of all of the evidence. The contention is made that there was no showing of negligence and that if defendants were negligent the plaintiff's negligence would bar recovery.

We cannot reverse the judgment unless we find it to be against the manifest weight of the evidence. There is evidence to support the finding of the trial court that the defendants were guilty of negligence. Assuming the evidence shows the defendants were guilty of negligence, as found by the trial court, with which we agree, was the plaintiff guilty of contributory negligence which would bar recovery? The fact that the defendants were acting as common carriers and charged with the exercise of a high degree of care toward the plaintiff and her four year old child, did not relieve the plaintiff of the duty to exercise the proper parental care toward her child. If the plaintiff is found to be at fault in any degree she cannot recover. In **Volume 4 O. Jur. p. 606,** the text is as follows:

"The common law in determining responsibility for an injury takes no account of the degree in which each of the parties may be shown to have been responsible for the injury. If the plaintiff can be said to have been at fault in any degree he will be barred of recovery. It makes no difference that the defendant was responsible in a greater degree. In accordance with these principles it has been held in automobile cases that if the plaintiff was negligent and his negligence directly contributed in the 'slightest degree' to cause his injury, then the jury's verdict must be for the defendant and this is true although the defendant was negligent."

The record shows that at the time the plaintiff and her minor child entered the taxicab the plaintiff opened the left door to the rear compartment of the cab and placed her child in the compartment. She then walked around the cab and entered the cab from the right side, taking her seat in front at the right side of the driver. The evidence shows that she was invited by the driver to sit in the front seat. The evidence is conflicting as to whether this invitation was extended to her at the time she was placing her child in the rear compartment or whether the invitation was given after she walked around the cab and was in the act of entering the cab on the right side. The words used by the driver in extending an invitation to the plaintiff to sit on the right of the driver cannot be construed as an order or positive direction. The evidence is fairly clear that after the two passengers entered the cab neither the driver nor this plaintiff paid much attention to the minor child in the rear compartment.

In its conclusion of law the trial court found the defendants guilty of negligence "in allowing a child of tender

years to ride unattended in the rear compartment of its cab."
The trial court did not find, and this court does not find from
the evidence that the accident was caused by a defect in the
right door to the rear compartment of the cab. The trial court
made no finding of fact relative to the inattention of the driver
and of the plaintiff toward the child. Nevertheless, the evidence indicates in this regard that both the driver of the cab
and the plaintiff were guilty of negligence and that the negligence of the plaintiff directly contributed to the proximate
cause of the injury.

In **Volume 30 O. Jur. p. 581**, the rule with reference to contributory negligence on the part of the parent is stated as
follows:

"The right of action of parents to recover for personal
injuries to a child is predicated upon the assumption that the
parents are free from contributory negligence; the contributory negligence of the parents bars such recovery. If the
parent is in fault 'in any degree', he cannot recover for such
injuries to his child."

In **Bellefontaine Railway Co. v Snyder, 24 Oh St 670**, the
second part of the syllabus is as follows:

"Where an infant child, intrusted to the care and custody
of another by the father, is injured through the negligence of
a railroad company, the custodian of the child also being
guilty of negligence contributing to the result, although the
infant may maintain an action for such injury, the father cannot, the negligence of his agent, the custodian of the child,
being in law the negligence of the father."

See also **St. Bernard v Steingrube, 16 Oh Ap 151; Marmorstein v Schuck, 29 Oh Ap 229.**
The contention is made that the doctrine of res ipsa
loquitur applies to the facts in this case. We do not agree.
The plaintiff in her petition charged the defendant with
specific acts of negligence and did not rely on the doctrine
of res ipsa loquitur.

In **Welch v Rollman, 36 Abs p 610**, it was held:

"The doctrine of res ipsa loquitur is inapplicable if a plaintiff is cognizant of the negligence causing his injuries and
specifies it in his petition."

See also well considered opinion by Judge Bell in **Fink v Railroad Company, 144 Oh St 8.**

The failure of the trial court to sustain the motion of the defendants-appellants on the ground that the plaintiff was guilty of contributory negligence constitutes reversible error.

The defendants-appellants assign as error the improper admission of evidence. Plaintiff's counsel was permitted over objection to examine one of defendant's witnesses concerning defendants' insurance company and elicit the fact that defendants were insured. In view of the fact that under the ordinance of the City of Columbus taxicab companies are required to carry insurance, and the case being tried to the court and not to a jury we do not find the ruling of the trial court in admitting such testimony to be erroneous. Furthermore, we find the trial court did not commit error in permitting counsel for plaintiff to testify relative to the condition of the door on the cab as his testimony did not substantially contradict the testimony of his own witness and did not amount to an impeachment of his own witness who testified on the same subject.

The defendants-appellants also assign as error the improper exclusion of evidence. Defense counsel sought to introduce into evidence a written statement signed by the plaintiff the day after the accident. The record does not disclose that the plaintiff contradicted substantially the written statement. To admit into the evidence such a statement would have been prejudicial error. **Swartz v Young, 33 Abs 324; Babbitt v Say, 120 Oh St 177.** Furthermore, most of the written statement appears in the record under cross-examination of plaintiff, and the failure to introduce the statement was not detrimental to defendants.

Finally, the defendants-appellants claim as error that the judgment is against the manifest weight of the evidence and is not supported by the evidence. As stated above, while there is sufficient evidence to support the finding of the trial court that the defendants were guilty of negligence, the plaintiff's negligence would bar recovery. Accordingly, we hold that the judgment of the Common Pleas Court affirming the judgment of the Municipal Court was not supported by the manifest weight of the evidence.

The judgment is reversed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.