ROSPERT, APPELLEE, *v.* OLD FORT MILLS, INC., APPELLANT.

(No. 993—Decided June 3, 1947.)

*Mr. Kenneth P. Fox* and *Messrs. Guthery, Harmon & Conkle,* for appellee.

*Messrs. Moore & Myers* and *Messrs. Donithen, Michel & Davis,* for appellant.

JACKSON, P. J. This cause is here on appeal on questions of law.

From the record, the following are the facts: On the 15th day of June 1942, an employee of the plaintiff, appellee herein, drove a tractor-trailer outfit, loaded

with soy beans, to the plant of the defendant, appellant herein, located at Marion, Ohio. After the tractor-trailer outfit was placed on the unloading pit of the defendant, the front of the trailer loaded with soy beans was slightly raised, and the tractor itself, in charge of the employee of the plaintiff, was moved some distance from the unloading pit. Thereupon the defendant, through its employees, attempted to unload the trailer containing the soy beans, by means of a hoist, lifting one end of the trailer to such a height that approximately a 45-degree angle would obtain between the front and rear end, and in that way by tilting the trailer the soy beans would roll down the incline into the pit and in that manner the unloading would have been accomplished. However, at some period during the lifting of the front end of the trailer with the hoist, something gave way before the beans were unloaded, and the front end of the trailer dropped from its elevated position. The beans were not unloaded but were later shoveled from the bed of the trailer. The property damage upon which the suit is based occurred to the trailer when it dropped.

The petition of the plaintiff recites: "That the defendant, acting through its agents and employees while in the course of their employment, were careless and negligent in the handling of such trailer in the following ways, to wit: Said defendant failed to properly attach and affix the fasteners or sling, to such trailer, in a safe manner; said defendant at all times, well knowing the weight of such trailer and the load contained therein, used a power hoist with the tackle necessary to raise it, which said power hoist and tackle were insufficient to support the weight of said trailer and load, all of which was the direct and proximate cause of the damage to the plaintiff's trailer."

The plaintiff called as a witness the driver of the

truck who was not close enough to the scene of the accident to be able to describe what caused the trailer to drop, but did testify that the trailer dropped while he was standing behind the trailer, and later the beans were required to be shoveled from the trailer. No further testimony was offered by either the plaintiff or the defendant in explanation of the cause of the dropping of the trailer.

In consideration of the evidence that the manipulation of the hoisting of the trailer was entirely under the control of the employees of the defendant, the court charged in effect that the doctrine of *res ipsa loquitur* applied.

We are of the opinion that the charge is correct, and all assignments of error pertaining to the charge of the court are overruled.

Our attention has been invited to the case of *Shadwick* v. *Hills,* 79 Ohio App., 143, 69 N. E. (2d), 197, wherein it is stated that "the rule of *res ipsa loquitur* does not apply where the plaintiff in his petition does not rely on such rule and charges the defendant with specific acts of negligence."

The doctrine of *res ipsa loquitur* is one of evidence and not of substantive law. It is a common-sense appraisal of the probative value of circumstantial evidence. It was not intended to exempt a plaintiff from the general burden of proving the negligence of the defendant or from proving such facts and circumstances which would make negligence a legal inference. In other words, until the plaintiff has presented all the testimony reasonably within his power he can derive no benefit from this doctrine.

However, in the instant case we are of the opinion that the plaintiff presented all the evidence reasonably within his power to explain the cause of the injury.

Where the plaintiff alleges negligence generally as

to the cause of his injury he can rely on the maxim *res ipsa loquitur* to establish such negligence.

The doctrine does not dispense with the rule that the party who alleges negligence must prove it. It merely determines the mode of proving it. Therefore, it is proper to permit the jury to infer negligence from the occurrence of an accident but it does not compel such an inference; that is, the accident furnished circumstantial evidence which is sufficient to go before the jury, and is to be weighed but not necessarily to be accepted as sufficient. The necessary results of this view call·for an explanation or a rebuttal by the defendant but do not require it, and if the explanation or rebuttal is not made the defendant takes the risk since the jury might draw an inference of negligence from the facts and circumstances of the accident.

It would seem clear that the permissible inference is always evidence and must be weighed as evidence and remains to be considered by the jury since the inference may reasonably be inferred from all the facts presented, but the circumstantial evidence is entitled to consideration only so long as reasonable men might base a conclusion upon it. The underlying reason for the rule of *res ipsa loquitur* is that the facts of the injury are solely within the knowledge of the defendant and are not accessible to the plaintiff.

"That doctrine [*res ipsa loquitur*] being a rule of evidence, it is not necessary to be pleaded." *Beeler* v. *Ponting,* 116 Ohio St., 432, 433, 156 N. E., 599. See, also, 29 Ohio Jurisprudence, 617, Negligence, Section 144; 29 Ohio Jurisprudence, 633, Negligence, Section 155.

The above-cited case is quoted with approval in *Scovanner* v. *Toelke,* 119 Ohio St., 256, 260, 163 N. E., 493.

The doctrine of *res ipsa loquitur* is founded on the

absence of specific proof of acts or omissions constituting negligence. *Welch* v. *Rollman & Sons Co.*, 70 Ohio App., 515, 519, 44 N. E. (2d), 726; *Weller* v. *Worstall*, 129 Ohio St., 596, 600, 601, 196 N. E., 637; *Fink* v. *New York Central Rd. Co.*, 144 Ohio St., 1, 56 N. E. (2d), 456.

With reference to the proof of the amount of damage, the plaintiff testified as to the value of the trailer prior to the accident and its value after the accident, and testified also as to the value of the loss of the use of the trailer between the dates of the accident and the time it was returned to him for use.

It is unquestionably the right of the plaintiff to testify as to the value of his own property, both before and after the accident, and the value of the loss of use, but such testimony is not conclusive and is subject to various tests as to the credibility to be attached to it. One of the tests properly available to the defense is a cross-examination of the witness as to the actual cost of the repairs and what repairs, in detail, were made.

Needless and additional repairs might be made which are in no wise connected with the repairs required by reason of the damage caused upon which the litigation is founded. Otherwise, exorbitant and excessive costs of repairs, remodelling or replacement could be ascertained only with difficulty.

By the witness Wayne Shawaker and the deposition of Glen Scott an attempt was made to introduce an estimate made by Glen Scott as to the cost of repairs required for the damaged trailer. This estimate was excluded by the court.

The ruling of the court in respect to the admissibility of the testimony of Wayne Shawaker on that subject was correct, as the evidence sought to be introduced was hearsay; and the ruling of the court as to

the admissibility of the testimony of Scott upon that subject was also correct, as the proffered testimony of Scott showed that such estimate did not reflect the cost of such repairs and would only tend to confuse the jury.

The plaintiff did not in any part of his testimony testify as to the cost of repairs. The defendant had the right to examine plaintiff as to the various items of damages to the trailer through the alleged negligence of the defendant, and as to whether the trailer could be restored, through repairs, to the condition it was in immediately prior to the time the damages were sustained, and if such restoration was possible, the cost of such restoration and the time reasonably required for the making of such repairs, as a means of testing the plaintiff's estimates of the value of the trailer immediately preceding and immediately following the damages thereto, and of the loss of use of the trailer resulting from such damages. Instead of doing this, the defendant, by cross-examination of plaintiff, for the announced purpose of reflecting on the damages to the trailer, endeavored to show that in addition to having the trailer repaired, the plaintiff had caused some changes to be made therein, amounting to a remodelling of the trailer. As the plaintiff had not testified as to the amount either required, or the amount expended by him for repairs, and the announced purpose of the evidence was limited, as mentioned, the court properly excluded the evidence sought to be brought out on cross-examination.

Defendant further inquired of plaintiff on cross-examination whether plaintiff had gotten an estimate from the Fruehauf people (manufacturers of the trailer) for repairs. The court sustained an objection to this question. The evidence conclusively showed that such repairs as were made were made by the Fruehauf

people and the defendant could have properly inquired of the plaintiff the nature and extent of the necessary repairs and the cost thereof, but failed to do so. Under these circumstances it was immaterial whether plaintiff had secured an estimate of cost of repairs, as the actual cost, rather than an estimate, would be determinative of the cost. The court did not err in sustaining the objection.

The court erred in its refusal to allow the defendant to cross-examine the plaintiff as to the statement made by plaintiff to his attorney, on the value of the use of the trailer during the time it was being repaired, but as the verdict in this case, covering both the damages to the trailer and the loss of the use of the trailer, is only $750, which is fully supported by the evidence, regardless of whether the used trailer was worth $5 per day as testified by plaintiff, or $2.75 per day as plaintiff is claimed to have told his attorney, it would appear that this error did not affect the amount of the verdict and, therefore, is not prejudicial.

When the plaintiff offered himself as a witness as to the value of the use, then any statement he made to his attorney as to the value of the use is not protected by Section 11494, General Code. *Spitzer* v. *Stillings*, 109 Ohio St., 297, 301, 142 N. E., 365; *Foley* v. *Poschke*, 137 Ohio St., 593, 594, 31 N. E. (2d), 845.

Therefore, assignments of error Nos. 1, 2, 3; 4, 5, 6, 7 and 8 are overruled.

Our attention has not been directed to any errors in connection with assignment of error No. 9 and it is, therefore, overruled.

Under the provisions of Section 11364, General Code, it is the duty of this court to certify on its journal whether in its opinion substantial justice has been done to the party complaining, as shown by the record

of the proceedings of the judgment under review. *McClintock* v. *Sweitzer,* 138 Ohio St., 324, 34 N. E. (2d), 781; *Nicholl, Exr.,* v. *Bergner,* 76 Ohio App., 245, 249, 63 N. E. (2d), 828.

In consideration of the fact that the plaintiff suffered considerable damage to his trailer and was deprived of its use for 158 days, we are unable to certify that the defendant has not received substantial justice.

*Judgment affirmed.*

GUERNSEY and MIDDLETON, JJ., concur.

(Decided August 6, 1947.)

ON MOTION to certify.

BY THE COURT. In the case of *Whipp* v. *Industrial Commission,* 136 Ohio St., 531, on page 533, 27 N. E. (2d), 141, the Supreme Court lays down this rule: "But after this court has established the rule, any such conflict with a decision of another Court of Appeals is of no consequence."

It appears that the judgment of this appellate court is in conflict with the judgment in the case of *Shadwick* v. *Hills,* 79 Ohio App., 143, 69 N. E. (2d), 197, but the Supreme Court established the principle of law in which the conflict apparently appears, in the cases of *Beeler* v. *Ponting,* 116 Ohio St., 432, 433, 156 N. E., 599; *Fink* v. *New York Central Rd. Co.,* 144 Ohio St., 1, 5, 6, 56 N. E. (2d), 456; *Winslow* v. *Ohio Bus Line Co.,* 148 Ohio St., 101, 73 N. E. (2d), 504.

*Motion overruled.*

JACKSON, P. J., GUERNSEY and MIDDLETON, JJ., concur.