[Cite as *12312 Mayfield Rd., L.L.C. v. High & Low Little Italy, L.L.C.*, 2024-Ohio-2717.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

12312 MAYFIELD ROAD, LLC,    :

    Plaintiff-Appellant,    :

                                     No. 113549

    v.    :

HIGH & LOW LITTLE ITALY,    :
LLC,

    Defendant-Appellee.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-972549

---

### *Appearances:*

Walter | Haverfield LLP, Mark S. Fusco, Alexandra V. Dattilo, and Anthony R. Santiago, *for appellant.*

Contract Esquire LLC and Matthew L. Snyder, *for appellee.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Plaintiff-appellant 12312 Mayfield Road, LLC ("Mayfield") appeals the trial court's December 28, 2023 judgment entry that granted defendant-appellee

High & Low Little Italy, LLC's ("High & Low") motion to compel documents that Mayfield claims are protected by the attorney-client privilege. For the reasons that follow, we reverse the trial court's order and remand for proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 2} On January 11, 2019, Mayfield and High & Low executed a lease agreement whereby High & Low was to occupy leased spaced at a commercial property owned by Mayfield and operate a wine bar and bistro.[1] On November 30, 2022, High & Low notified Mayfield that it was terminating the lease agreement and vacating the building prior to the end of the lease term. On December 14, 2022, Mayfield filed a complaint against High & Low that alleged breach of contract. On January 9, 2023, High & Low filed an answer and counterclaim that alleged breach of contract, fraud, promissory estoppel, and unjust enrichment. Mayfield filed an amended complaint on January 11, 2023.

{¶ 3} During the pendency of the lawsuit, the parties conducted discovery, and High & Low filed several motions to compel discovery by Mayfield. On November 16, 2023, High & Low filed its third motion to compel; the portion of that motion that sought documents allegedly protected by the attorney-client privilege is the subject of this appeal.

---

[1] The lease agreement was executed by Mayfield and High & Low LLC. High & Low LLC subsequently assigned its rights in the lease agreement to High & Low Little Italy, LLC, the appellee in this matter.

{¶ 4} Specifically, High & Low sought unredacted copies of email communications between Mayfield, its attorneys, and its real estate agents/brokers ("brokers"). In opposition to the motion to compel, Mayfield asserted the communications were protected by the attorney-client privilege because the documents related to negotiating, drafting, and providing legal advice on the sale or lease of Mayfield's commercial property. Mayfield argued that its agents, the brokers, "assist[ed] counsel with business transactions" and the intertwining of business dealings and legal advice fell under the purview of the attorney-client privilege. Mayfield's brief in opposition to third motion to compel, p. 8. In defense of the documents request, Mayfield initially provided a redaction log that identified 24 documents — 20 documents classified as nonresponsive and four documents classified as subject to the attorney-client privilege — and subsequently provided a privilege log that listed 42 documents purportedly exempt from discovery due to the attorney-client privilege.

{¶ 5} High & Low argued the documents were not protected by the attorney-client privilege because the brokers were not agents of Mayfield pursuant to agency law.

{¶ 6} On December 7, 2023, Mayfield requested that the trial court hold an evidentiary hearing to resolve the outstanding discovery issues. On December 15, 2023, the trial court conducted a telephone conference and obtained a status update on the case including the outstanding motion to compel. In a journal entry issued on that same date, the trial court denied Mayfield's request for an evidentiary

hearing and stated it would rule on the motion to compel based upon the parties' briefings.

{¶ 7} On December 28, 2023, the trial court issued a detailed journal entry that found the attorney-client privilege did not apply and ordered Mayfield to provide the requested documents. The judgment entry reads, in pertinent part:

> The court finds that Mayfield Road has not sufficiently complied with this request. Namely, the court finds that Mayfield's assertion of attorney-client privilege as to the requested documents is not well-taken.
>
> The addition or inclusion of any of Mayfield Road's real estate agents (including but not limited to Michael Occhionero, Tony Visconsi, Isabel DeRoberts, and Conor Coakley) vitiates any claim to attorney-client privilege as it relates to the requested e-mails. This is because the real estate agents were not "agents" of Mayfield Road for the purposes of the laws of agency. The attorney-client privilege does not attach to any communications involving them. Indeed, paragraph 8 of the agreement between Mayfield Road and the real estate agents states as follows:
>
> "while we may assist you in gathering reasonably available information, we cannot represent or warrant the creditworthiness of any prospect and/or their ability to satisfy their obligations under a lease. All final business and legal decisions shall be made solely by you. Notwithstanding any designation of us as "agent" in this agreement, we will have no right, power, or authority to enter into any agreement with any prospective tenant, real estate broker, or any other person in the name of, on behalf of[,] [o]r otherwise binding upon you." See High & Low's exhibit I.
>
> Further, the "dominant purpose" of the requested e-mails does not appear to be the procurement of legal advice. *See Assn. Of Cleveland Fire Fighters IAFF Local 93 v. City of Cleveland*, 8th Dist. Cuyahoga No. 110329, 2021-Ohio-3602. Accordingly, the privilege does not attach.
>
> Accordingly, the motion to compel is granted as it pertains to High & Low's request for production No. 5. Mayfield Road is ordered to

produce the requested discovery to High & Low within fourteen (14) days from journalization of this order. . . .

Dec. 28, 2023 judgment entry.[2] The trial court did not complete an in camera review of the documents in question and, therefore, they are not part of the record.

{¶ 8} On January 10, 2024, Mayfield filed a motion to stay proceedings that the trial court granted. On the same date, appellant filed a timely appeal, presenting two assignments of error:

> Assignment of Error I: The [t]rial [c]ourt erred by granting [a]ppellee's motion to compel production of documents that are subject to the attorney client privilege.

> Assignment of Error II: The [t]rial [c]ourt erred by failing to hold an evidentiary hearing or review in camera, the documents [appellant] identified as subject to the attorney-client privilege before ordering [appellant] to produce documents.

**Legal Analysis**

{¶ 9} For ease of discussion, we will address the assignments of error collectively.

{¶ 10} The scope of discovery allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Civ.R. 26. Trial courts have discretion to render decisions on discovery issues. *Dandrew v. Silver*, 2005-Ohio-6355, ¶ 36 (8th Dist.), citing *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578, 592 (1996).

---

[2] The December 28, 2023 judgment entry also denied the portion of the motion to compel that sought discovery on interrogatory request No. 33 and request for production No. 2 because Mayfield had already complied with those requests.

{¶ 11} Discovery matters are typically reviewed on appeal for an abuse of discretion. *Wall v. Ohio Permanente Med. Group Inc.*, 119 Ohio App.3d 654, 661 (8th Dist. 1997), citing *Henneman v. Toledo*, 35 Ohio St.3d 241, 243-246 (1988). However, if the discovery issue involves privilege, the appropriate standard of review is determined by whether the asserted privilege raises a question of law or fact. *Randall v. Cantwell Mach. Co.*, 2013-Ohio-2744, ¶ 9 (10th Dist.), citing *MA Equip. Leasing I, L.L.C. v. Tilton*, 2012-Ohio-4668, ¶ 13 (10th Dist.). A matter that requires an interpretation of statutory language to determine if requested information is privileged requires a de novo review. *State v. Kelley*, 2024-Ohio-157, ¶ 31 (8th Dist.), citing *Randall*. Conversely, an issue on privilege that seeks the review of factual questions is subject to an abuse-of-discretion standard. *Randall*, citing *MA Equip. Leasing I, L.L.C.* at ¶ 13 ("When a claim of privilege requires review of factual questions, such as whether an attorney-client relationship existed, an abuse-of-discretion standard applies.").

{¶ 12} The issue presented in the instant case demands a factual review and, thus, an abuse-of-discretion standard applies. A court abuses its discretion when it exercises its judgment in an unwarranted way with respect to a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} In Ohio, the attorney-client privilege is governed either by R.C. 2317.02(A) or, for those instances not addressed by the statute, by common law.

*State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 2005-Ohio-1508, ¶ 18. R.C. 2317.02(A) applies to communications sought during discovery or trial and prevents an attorney from testifying about communications made to the attorney by his client or about the attorney's advice to his client. *Squire, Sanders & Dempsey, L.L.P. v. Givaudan Flavors Corp.*, 2010-Ohio-4469, ¶ 18, quoting *Jackson v. Greger*, 2006-Ohio-4968, ¶ 7, fn. 1. "The common law attorney-client privilege reaches beyond the proscription against testimonial speech and protects against any dissemination of the information obtained from the confidential relationship." *State v. Hendon*, 2017-Ohio-352, ¶ 23 (9th Dist.), citing *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 24. Here, the common law application of the attorney-client privilege applies.

**{¶ 14}** A party invoking protection under the common law attorney-client privilege must establish the following: "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Perfection Corp. v. Travelers Cas. & Sur.*, 2003-Ohio-3358, ¶ 12 (8th Dist.), quoting *Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992), quoting *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985).[3]

---

[3] There is no material difference between Ohio's attorney-client privilege and the federal attorney-client privilege. *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, 2020 U.S.

The attorney-client privilege, where not waived, protects communications relating to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily either an opinion of law or legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort. *United States v. United Shoe Machine Corp.* (D. Mass. 1950), 89 F. Supp. 357, 358. The purpose of the privilege is to promote "full and frank communications between attorneys and their clients[,] * * * thereby encouraging observance of the law and aiding in the administration of justice." *Commodity Futures Trading Corp. v. Weintraub* (1985), 471 U.S. 343, 348, 105 S. Ct. 1986, 85 L. Ed. 2d 372.

*Perfection Corp.* at ¶ 12. We note that the party seeking protection under the attorney-client privilege carries the burden of establishing the privilege applies. *Pales v. Fedor*, 2018-Ohio-2056, ¶ 22 (8th Dist.), citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 263-264 (1983).

{¶ 15} Communications between an attorney and his client in the presence of a third person — where the third party is not an agent of either the client or attorney — are not privileged. *Ohio v. Verbanac*, 2022-Ohio-3743, ¶ 7 (8th Dist.); *see Foley v. Poschke*, 137 Ohio St. 593, 595 (1941); *see State v. Post*, 32 Ohio St.3d 380, 385 (1987) ("[T]he attorney-client privilege is destroyed by voluntary disclosure to others of the content of the statement."). "Because a client's voluntary disclosure of confidential communications is inconsistent with an assertion of privilege, voluntary disclosure of privileged communications to a third party waives a claim of privilege with regard to communications on the same subject matter." *See*

Dist. LEXIS 153670, *16 (S.D. Ohio Aug. 25, 2020), citing *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D. Ohio June 16, 1993), fn. 3.

*v. Haugh*, 2014-Ohio-5290, ¶ 24 (8th Dist.), citing *MA Equip. Leasing I, L.L.C.*, 2012-Ohio-4668 (10th Dist.), citing *Hollingsworth v. Time Warner Cable*, 2004-Ohio-3130 (1st Dist.); *see State v. Post*, 32 Ohio St.3d 380, 385 (1987) ("[T]he attorney-client privilege is destroyed by voluntary disclosure to others of the content of the statement.").

{¶ 16} However, in limited circumstances, communications between an attorney and an agent of the client are protected by the attorney-client privilege. *Foley* at 595; *In re Heile*, 65 Ohio App. 45, 49 (1st Dist. 1939). The protection extends where the communication was made in confidence for the purpose of obtaining legal advice from the attorney. *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961). The communication purported to be privileged need not contain exclusively legal advice but must "facilitate the rendition of legal services or advice." *State ex rel. Toledo Blade Co.*, 2009-Ohio-1767, at ¶ 27, quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). And "simply copying an attorney on an email does not make it an attorney-client-privileged communication." *Assn. of Cleveland Fire Fighters IAFF Local 93 v. Cleveland*, 2021-Ohio-3602, ¶ 39 (8th Dist.).

> In a legal and business context, when the dominant purpose of a communication is a business decision and not legal advice, then "the communication cannot be insulated from discovery just by sending a copy of it to a lawyer."

*Id.* at ¶ 39, quoting *Waters v. Drake*, 2015 U.S. Dist. LEXIS 164179, *4 (S.D. Ohio Dec. 8, 2015); *Flexider United States Corp. v. Richmond*, 2021 U.S. Dist. LEXIS

250829, *16 (M.D. Tenn. Mar. 8, 2021) (The attorney-client privilege does not extend to parties simply seeking business advice.).

{¶ 17} The initial inquiry here is whether the brokers acted as Mayfield's agents when they participated in the email communications with Mayfield and Mayfield's attorneys so that the communications were protected under the attorney-client privilege, or did the brokers' participation waive the privilege.

{¶ 18} Mayfield argues its brokers helped to conduct its business transactions and dealings and "[were] vital in providing [Mayfield's] counsel with the ability to advocate for [Mayfield.]" Mayfield's brief in opposition to motion to compel, p. 7. Mayfield presented its privilege log as evidence that the email communications were subject to the attorney-client privilege. The privilege log identified the following information about each email that allegedly fell under the purview of the attorney-client privilege: date, subject, author, recipients, file name, and basis for claiming privilege. The listed email communications allegedly discussed one of two lease agreements or were marked "not applicable." The itemized emails were sent between Mayfield's brokers, Mayfield's attorneys, and Mayfield.

{¶ 19} High & Low relies on general agency law to argue that Mayfield's brokers are not agents for purposes of the attorney-client privilege. Specifically, High & Low contends that the brokers' Listing Agreement did not grant the brokers authority to bind Mayfield and, therefore, they are not agents and their participation in the emails waived the attorney-client privilege.

{¶ 20} The unique facts before us required a review of the disputed documents to establish the relationship of the brokers to Mayfield and to determine whether they were acting as agents of Mayfield in the email communications. The privilege log supported Mayfield's position that the brokers acted as its agents when they engaged in communications seeking legal advice. The trial court acted unreasonably when it found (1) the brokers "were not 'agents' of Mayfield Road for the purposes of the laws of agency" and (2) "the 'dominant purpose' of the requested e-mails does not appear to be the procurement of legal advice" without first completing an in camera review of the disputed email communications to validate those findings. Dec. 28, 2023 judgment entry; *see Arkwright Mut. Ins. Co. v. Natl. Union Fire Ins. Co.*, 1994 U.S. App. LEXIS 3828, \*19-20 (6th Cir. Feb. 25, 1994) (Where there was a substantial question whether documents between an attorney and a third-party were protected by the attorney-client privilege, the district court properly ordered an in camera inspection to determine if (1) the documents were confidential communications with an agent with the intent to receive legal advice and (2) that the third-party was acting as an agent of the client or attorney.).

{¶ 21} The parties do not cite, nor has this court found, Ohio case law that directly addresses the facts raised in the instant matter. Our decision is not dispositive of whether real estate agents and/or brokers are agents for the purposes of attorney-client privilege. Such a determination must be based upon the individual facts of each case. This decision reflects the importance of privileged information; any harm caused by the production of privilege-related discovery

cannot be meaningfully or effectively remedied after the fact. Thus, the trial court must, when necessary, conduct an in camera review or evidentiary hearing to determine whether the attorney-client privilege applies.

{¶ 22} For the foregoing reasons, the trial court abused its discretion when it granted High & Low's motion to compel documents and declined to conduct an evidentiary hearing or in camera review of the disputed documents. Mayfield's assignments of error are both sustained. Judgment reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR