**HEATH, Plaintiff-Appellant, v. STANDARD OIL CO., Defendant-Appellee.**

Ohio Appeals, Second District, Fayette County.

No. 268. Decided March 20, 1953.

Richard N. Larrimer, Columbus, Junk & Junk, Washington C. H., R. Brooke Alloway, Columbus, for plaintiff-appellant.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, Hill & Hill, Washington C. H., for defendant-appellee. ·

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court in favor of the defendant after the sustaining of its motion for a judgment notwithstanding the verdict.

Plaintiff, an employee of the defendant, a self-insurer, suffered an injury on April 12, 1946, while in the course of his employment, resulting in a hernia for which injury he made application for compensation and medical expenses from the Workmen's Compensation fund which application was allowed. On March 7, 1947, plaintiff filed a second application for modification of the former award and additional compensation. In this application, he claimed that as a result of the accident on April 12, 1946, he had also suffered injury to his heart. The Commission on hearing and rehearing denied this claim and on appeal and issues drawn the cause was submitted to a jury which returned a verdict in favor of the plaintiff. Thereupon, defendant moved for judgment notwithstanding the verdict which the trial judge sustained.

We have had the benefit of the complete and learned consideration of the motion by the trial judge as reflected in his written opinion. We do not purpose to consider and discuss all of the reasons upon which the trial judge predicated his sustaining of the motion but only those and particularly one which, in our judgment, is determinative of this appeal.

The trial judge had no misconception of the law controlling the extent of his authority in the consideration of the motion for judgment notwithstanding the verdict, as he cites quite early in the opinion **McNees v. The Cincinnati Street Ry. Co., 152 Oh St 269** which holds that in passing upon such a motion, neither the trial court, the Court of Appeals nor this Court (Supreme Court) may weigh the evidence. Citing **§11601 GC.** The rule controlling is the same on a motion for judgment notwithstanding as it is on a motion for a directed verdict at the conclusion either of plaintiff's testimony or the whole case. It is stated in somewhat different language in **Pope, Admx. v. Mudge, et al, 108 Oh St 192,**

"It is error for the court to direct a verdict against the plaintiff, where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the aggregations of the petition.

2nd syl. "If, in ruling upon a motion to direct a verdict, the court is required to detect the truth from conflicting evidence of the same or different witnesses, the motion should be overruled."

The plaintiff's basic claim for modification of the award of the Industrial Commission was that

"On the 12th day of April, 1946, while in the usual course of his employment for the Standard Oil Company in Washington C. H., Fayette County, Ohio, this plaintiff sustained injuries to his heart while moving a steel drum weighing ap-

proximately 400 pounds when he slipped on oil while carrying the barrel and sustained an injury to his heart."

It is true that the plaintiff made no such claim in his original application to the Commission, nor, did it appear in the statement of his employer or his physician, nor, is there any witness, other than the plaintiff, who testifies that he gave any manifestation, at the time of the injury complained of, that he suffered any ill effects to his heart. This, however, was not determinative of the ultimate question whether he had suffered such injury as a result of the accident on the 12th of April, 1946. The plaintiff supported his claim and the averment of his amended petition, heretofore quoted, in his testimony, as follows:

"Well, I brought this barrel in; of course this 'lube' room you know, it is a tile room, and it is always greasy, slippery. These Barrels, they weigh 500 pound, I brought this over to upset it onto the lift; my feet slipped on this floor, and I was trying to protect myself to keep this oil drum from falling on me and crushing me. I seemed to strain myself someway, in my chest there."

It appeared that in 1945, the plaintiff had been treated by Dr. Craig of Washington C. H. who diagnosed his ailment as a coronary infraction. Plaintiff testified that he had substantially recovered from his condition as of the date of the occurrence at the filling station.

Four doctors testified in behalf of the plaintiff and all said that there was, or could be causal connection between the exertion to which plaintiff was subjected on the day of his injury and a heart condition from which all of them agreed the plaintiff suffered.

We have carefully read the testimony of these doctors with particular reference to the hypothetical question propounded by counsel for plaintiff and find that the testimony of one doctor, at least, Dr. Maurice B. Rusoff, was sufficient to carry the case to the jury upon the issue whether or not the heart condition found to have been suffered by the plaintiff was the result of the occurrence at the filling station at which plaintiff worked on April 2, 1946 and if the heart condition was the result of trauma. The testimony of Drs. Roszmann and Hayes, in chief, supported the claim of plaintiff that the injury complained of was caused by the unusual exertion required to be exercised by him at the time of the occurrence when he was injured. On cross-examination, these witnesses materially weakened the probative effect of their testimony but, applying the second syllabus of Pope v. Mudge, heretofore quoted, it was for the jury to determine what testimony to believe; that

in chief or on cross-examination. Dr. Craig merely said that there could be causal relation between the accident and the heart condition of which complaint was made. This was not sufficient to afford any requisite proof on this issue. **Bell v. Buckeye Steel Castings Co., 32 Abs 141,** this Court, Franklin County.

It is well recognized that it is essential to an award for a traumatic injury that it not only occur in the course of and arise out of the employment but that the injury must be accidental in origin and cause, the result of a sudden and unexpected happening at a particular time. **Goodman v. Industrial Commission, 135 Oh St 81; Cordray v. Industrial Commission, 139 Oh St 173; Industrial Commission v. Luger, 54 Oh Ap 148.** In this case we held that the plaintiff suffered an accidental injury but it is helpful because it sets out and discusses practically all of the cases relating to accidental injuries within contemplation of the Workmen's Compensation Law.

The testimony of plaintiff, as heretofore quoted, in our judgment, will support the conclusion that whatever injury he suffered by reason of the occurrence to which he testified was unusual and extraordinary and not a result of his regular and ordinary duties. It appears that the floor upon which he was working the day of his injury was greasy and slippery with oil and that when he was attempting to place a barrel of oil upon a lift he slipped with the result that the barrel almost fell upon him and crushed him, as he puts it. That part of his service wherein he moved the barrel by rolling it and lifting it, preparatory to placing it on a hoist was his usual and customary duty but when he slipped in order to protect himself he had to hold the barrel away from him and keep it from falling upon him and this was unusual and unexpected. Why this basis of injury to the heart was not incorporated into and made a part of the hypothetical question, we cannot understand.

The hypothetical questions propounded to the doctors whose testimony was necessary to establish the causal connection between the happening and the injury to the heart, **Drakulich v. Indus. Commission, 137 Oh St 82,** sets forth only such duties as would ordinarily be followed by the plaintiff in his regular every day work in so far as the record discloses. Typical of the hypothetical questions is the one put to Dr. Rusoff, the material part of which is

"Assume that Denny W. Heath * * * was on the 12th day of April, 1946, lifting a barrel of oil which weighed approximately five hundred pounds; that this barrel was made of steel and

after rolling it from the outside into what was called the 'lube' room, he lefted it on to a lift, doing it as he uses the expression, 'by main force and awkwardness'; was exerting himself at the time in the lifting of this barrel, when he felt a severe pain in his left chest, and also a sting in the left groin or abdomen."

The use of the word "lifting" was unfortunate but probably understood because it does not appear, nor is it claimed that the barrel was completely off of the floor but that normally it was tipped over and onto the lift. It will be noted that there is nothing in this quoted hypothesis of the question which suggests any unusual or different action on the part of the plaintiff when his injury occurred than that which would have been followed on any occasion when he was carrying on his duties in the customary manner. In other words, the experts were interrogated upon the question whether or not the plaintiff by reason of the exertion commonly used in placing the barrel from the floor onto the lift might. as a result thereof, suffer the heart condition to which they testified. There then, is no response to the situation disclosing an extraordinary occurrence, namely; the slipping and the tilting of the barrel toward the plaintiff so that it was about to fall upon him and that to protect himself he was subjected to the strain which caused his heart condition. Giving then, to the medical testimony its most favorable interpretation for the plaintiff it does not respond to the question whether or not the unusual strain, as defined by the plaintiff, caused his heart condition.

It may be true that plaintiff's doctors would have made no distinction in the resultant effect of the strain to which plaintiff testified he was subjected and that which was incorporated in the hypothetical question. But this is mere conjecture. The plaintiff was under obligation to shape its expert testimony so that it would be responsive to the occurrence as the plaintiff established it by his testimony.

There is no doubt that the plaintiff in moving these barrels of oil through the lube room and onto the lift was regularly and ordinarily subjected to the necessity of heavy lifting or moving but by the authorities, as we interpret them, if this exertion brought about his heart condition, he may not recover. That is all that his experts establish by their testimony.

We find no error in the sustaining of the motion for judgment veredicto non obstante.

The judgment will be affirmed.

WISEMAN, PJ, MILLER & HORNBECK, JJ, concur.