**JORDAN, Plaintiff-Appellee, v. TERNSTEDT DIVISION GENERAL MOTORS CORPORATION, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5345.   Decided March 16, 1956.

Barkan, Brown & Dobbs, Morton Y. Reeves, of Counsel, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr., of Counsel, Columbus, for defendant-appellant.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

### OPINION

By HORNBECK, J.

This is an appeal from a judgment for the plaintiff on a special verdict returned by a jury after which both parties had moved for a judgment in their favor.

Plaintiff claimed to have sustained an injury while in the employ of defendant company, a self-insurer. Application for compensation was made to the Industrial Commission which upon hearing and rehearing denied the claim holding that it did not appear that the claimant's disability was due to injury sustained in the course of and arising out of

her employment. Appeal was prosecuted to the Common Pleas Court where at the conclusion of the trial, defendant requested a special verdict. Several forms of verdicts were submitted to the jury and it returned the following:

"We find that Frances Jordan was employed as a packer and inspector for the Ternstedt Division of General Motors on or about March 28, 1952. She had been employed there since 1949. On that date she was taking wind hoses out of an oven. She had done this work before. It was heavy work. As she turned to place the wind hoses on a rack she felt a crack in her back. The portion of her back where she felt the crack became painful and has caused her to be disabled in excess of seven (7) days."

Four errors are assigned, all of which are predicated upon the claim that, as a matter of law, the special verdict did not set forth facts essential to support the judgment in behalf of the plaintiff.

We are favored with the opinion of the trial judge wherein he reviews extensively the cases defining a compensable injury under the Workmen's Compensation Act. Near the conclusion of the opinion extensive quotation is made from the opinion in **Malone v. Industrial Commission, 140 Oh St 292,** and the trial judge concludes:

"There is no longer any requirement that the injury be 'accidental in origin and cause.' The special verdict now being considered does not cover 'accidental in origin and cause,' but the Supreme Court says it is not necessary where an accidental result ensues."

Although there is much logic in the opinion of the trial judge, we are constrained to say that the conclusion reached is not supported by the adjudications in this Court or in the Supreme Court, nor does the Malone case in the language quoted justify the holding that there is no longer any requirement that a compensable injury be accidental in origin and cause.

If the question presented here was one of first impression, we would be disposed to support the judgment upon the proposition that neither the Constitution nor the statutes formerly or now, §§4123.01, 4123.54 R. C., require that a compensable injury to an employee protected by Workmen's Compensation Law should be more than "any injury received in the course of and arising out of, the injured employee's employment."

The Amendment to the Ohio Constitution, **Article II, Par. 35,** effective January 1, 1924, defining the purpose of providing compensation to workmen and their dependents states that it was to be "for death, **injuries** or occupational disease occasioned in the course of such workmen's employment, \* \* \*." (Emphasis ours.) The early legislation, **102 O. L. 524,** §1465-61 GC, when the fund was administered by the State Liability Board of Awards, in defining who shall share in the fund, provided:

"But where a personal injury is suffered by an employee, or when death results to an employee from personal injuries while in the employ of an employer in the course of employment, \* \* \*."

The last amendment affecting §§1465-60, 1465-61 and 1465-68 GC, now §4123.01 R. C., 117 O. L. 109, effective July 10, 1937, provides:

"(C) Injury includes any injury received in the course of, and arising out of, the injured employee's employment."

Although the Constitution and the statutes prior to the amendment speaking of a compensable injury used the word "injury" without more, the Supreme Court qualified it by the adjective "accidental" and then defined:

"The term 'injury' as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause." 2nd syllabus, **Industrial Commission v. Franken, 126 Oh St 299.**

The opinion of Judge Matthias recites the facts, incomplete as we recall them, and discusses their application, at page 300:

"The record discloses that Franken had been in the employ of The Ohio State Stove Company for nineteen years as a 'pressman'; his particular task being to handle dies, which weighed from 25 to 400 pounds, an apparatus being provided and used to handle those which were too heavy to be lifted otherwise. No accident occurred, as that term is ordinarily understood and applied. Sometime during the day above mentioned, Franken made some complaint about not feeling well and quit work and went home. He died 25 days later, his trouble being diagnosed as heart failure. * * * The record discloses that upon arriving home he had pains through his chest, and the doctor later stated that he was suffering from an acute dilation of the heart. There is no **evidence whatever of any extraordinary or unusual happening in and about Franken's work preceding his illness.**" (Emphasis ours.)

The missing fact is, that it appeared from evidence, which we held to be competent, that the fly-wheel with which Franken was working was so stiff that when he would pull on it, it would feel like he was tearing loose through his chest; that while he was in the act of raising two dies, each weighing 150 pounds, by means of the pulley, as he pulled down on the fly-wheel, he suddenly felt like he was tearing loose in the chest. Mark the similarity between these facts and those appearing in the special verdict. It further appeared in the Franken case that up to the date of the occurrence under consideration he was in good health, and that upon the doctor's examination of Franken a few hours after the occurrence in which he claimed to have been injured "he was in extremis and almost ready to die." The diagnosis was that the condition of Franken's heart was caused from some severe muscular exertion. Judge Matthias concluded:

"There is no evidence whatever of any extraordinary or unusual happening in and about Franken's work preceding his illness. There is some evidence that on the day in question he had handled a die weighing 300 pounds, but it does not appear that handling a die of that weight with the apparatus provided was any more strenuous than a die weighing 35 or 40 pounds."

The opinion concludes with the proposition carried into the syllabus which we have quoted and then this language:

"If the scope of cases compensable is to be extended, it should be done by unambiguous legislative enactment."

The Franken case was decided in 1933 and the definition of the term "injury," as found in the amendment to which we have heretofore referred, was carried into the statute in 1937.

The first case succeeding the foregoing amendment and considering the term "injury" therein defined, was Malone v. Industrial Commission, supra. Judge Hart, in the opinion of this case at page 297 says:

"This court has heretofore defined the term 'compensable injury' as used·in the Workmen's Compensation Act many times. A composite definition deduced from the cases may be stated as follows:

"The term 'injury,' as used in the Constitution and the Workmen's Compensation Act shall comprehend a physical or traumatic injury, accidental in its origin and cause; the result of a sudden happening occurring by chance, unexpectedly, and not in the usual course of events, at a particular time."

At page 299, Judge Hart discusses the amendment and says:

"While the language of the amendment is susceptible to clarification, yet it plainly says that 'the term injury * * * shall include **any injury** * * *.' This must mean that the term 'injury' shall include every physical injury of whatever type which causes loss or damage to a workman, or to his dependents in case of his death, provided it can be shown that such injury **otherwise qualifies in characteristics or essential elements as a compensable injury as that term has been heretofore and is now defined by this court.**" (Emphasis ours.)

He then restates the meaning of "injury" on page 300 of the opinion,

"The term 'injury' as used in the Workmen's Compensation Act, comprehends a physical or traumatic damage or harm, **accidental in its origin and character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events,** at a particular time and place." (Emphasis ours.)

There have been a number of decisions since the Malone case wherein the term "injury" has been more explicitly and more extensively defined. The latest of these cases is **Gerich v. Republic Steel, 153 Oh St 463.** The facts in this case disclose that the job of Gerich, the employee, was to·push a handcart, heavy work in which he was regularly engaged. On the day when it was claimed Gerich suffered a compensable injury he collapsed and later died from heart disease. The first paragraph of the syllabus of this case is:

"Under the Ohio Workmen's Compensation Act, to entitle a workman to compensation for injury, he must suffer a traumatic injury in the course of and arising out of his employment other than an injury which may occur in the regular course of nature from the usual and normal activities of his employment."

And later, in the opinion, at page 465,

"Under the Ohio Workmen's Compensation Act, to entitle a workman to compensation for injjury, he must suffer a traumatic injury in the course of his employment as a result of some accidental impact other than injuries which may occur in the regular course of nature from the usual and normal activities of his employment."

By the special verdict in this case, it is clear that Jordan on the day that she suffered the "crack in her back" was engaged in her regular employment doing her work in the usual way, there was no different or unusual situation presented immediately prior to the time that she

felt discomfort in her back. From the special verdict it may not be determined that Jordan was subjected to any unusual, unexpected or different activity than was ordinarily required of her in the work which she had been doing for some time.

In **Nelson v. Industrial Commission, 150 Oh St 1,** Judge Stewart, in the opinion at page 8, said:

"In the present case there was not a scintilla of evidence that decedent had done or was doing a single thing on the job, which he was performing, which was in any way unusual or different from what he had always done in his work, or from what the three men who were working with and near him had done in their work. None of the other three men saw decedent perform his job in any way different from the manner in which they had performed their similar jobs and from the manner in which it was usual, convenient, and necessary to do the work."

And at page 13:

"Although a liberal construction is justly required in the interpretation of the Workmen's Compensation Act, in order to have death compensation there still must be some evidence that the death of the workman was caused or contributed to by some act which was different in kind or in exertion from the regular, ordinary work performed by the workman and those engaged in like occupation."

This Court, in **Heath v. Standard Oil Company, 68 Abs 571,** affirming a judgment in behalf of the employer, said:

"There is no doubt that the plaintiff in moving these barrels of oil through the lube room and onto the lift was regularly and ordinarily subjected to the necessity of heavy lifting or moving but by the authorities, as we interpret them, if this exertion brought about his heart condition, he may not recover."

Other cases cited by appellant are to like effect. **Gwaltney v. General Motors, 137 Oh St 354; Vogt v. Industrial Commission, 138 Oh St 233; Cordrey v. Industrial Commission, 139 Oh St 173; Matczak v. Goodyear Tire & Rubber Co., 139 Oh St 181; Maynard v. Goodrich, 144 Oh St 22; Reynolds v. Industrial Commission, 145 Oh St 389; Gerich v. Republic Steel, 153 Oh St 463.**

A case decided by this Court in 1936, **The Industrial Commission v. Luger (22 Abs 20),** although decided before the amendment defining the term "injury," is in accord with the other cases we have cited and counsel may care to examine the opinion because it fully digests most of the cases on the subject up to the time of the decision.

Appellee insists that the facts in this case as returned in the special verdict established that Jordan suffered an accidental injury within the meaning of the Workmen's Compensation Act, although the trial judge held otherwise. Of course, if this is true, even though the trial judge may have been in error in his reasons supporting the judgment, it should nevertheless be sustained. We cannot agree that the facts found in the special verdict will permit a determination that appellee suffered a compensable injury.

Judgment will be reversed and judgment entered for the defendant-appellant.

MILLER, PJ, DEEDS, J, concur.