WHITE, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5515. Decided March 13, 1957.

Merrill D. Brothers, Columbus, for plaintiff-appellant.

William Saxbe, Atty. Genl., Daniel Mann, Jr., Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court determining that the plaintiff-appellant was not entitled to participate in the benefits accorded to injured workmen under the Workmen's Compensation Act.

The record reveals that on November 10, 1952, the plaintiff, Robert White, suffered a subarachnoid hemorrhage, which is commonly known as brain hemorrhage, while engaged in his regular employment as a parker of automobiles in the employer's garage; that shortly before becoming ill he had parked a Cadillac automobile in a small stall on the third floor of said garage; that because of certain conditions existing at that time it was more difficult than usual to park the car, to wit: the place was not as well lighted as it ordinarily was, one of the overhead lights having gone out thus requiring the use of the headlights of the car the plaintiff was parking. The plaintiff testified that it steered hard and he was required to back into an empty space on his right side; that in order to do this he was required to keep one foot on the brake on the left side and lean over to the right side as far as possible, keeping a hand on the steering wheel, and that he also had to twist his body and head to the rear in order to see the parking space and to see that no damage was done to the car he was parking and other cars in the garage. He said that this required a greater effort on his part and while he was so acting he noticed a feeling like he had pulled a ligament or something; that after he had completed the task of parking the car he suddenly developed a generalized headache and buzzing in his ears, and tingling in his hands and heavy perspiration.

Although there was a conflict in the evidence, medical testimony was produced to the effect that the "activity" in which the plaintiff had been engaged so increased the blood pressure within the arteries of the brain as to cause the hemorrhage. The trial court in its opinion stated that "while the evidence does show that such mishap occurred 'in the course of' his employment, such mishap did not arise out of his employment in the sense that the employment was not the proximate cause."

The decision of the trial court was rendered on December 30, 1955, at which time, because of the decision in the case of **Malone v. Industrial Commission, 140 Oh St 292,** and **McNees v. Cincinnati St. Ry. Co., 84 Oh Ap 499, 152 Oh St 269,** it was not clear whether or not a compensable accidental injury must be acquired through accidental means. It appears that in order to clarify this situation the Supreme Court admitted the case of **Dripps v. Industrial Commission, 165 Oh St 407,** and decided July 5, 1956, which we think is dispositive of the issue raised in this case. The syllabus in the Dripps case provides:

"1. The term, 'injury,' as used in the Ohio Workmen's Compensation Act, comprehends a physical or traumatic damage or harm accidental in character and as a result of external and accidental means in the sense of being the result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.

"2. The fact that a workman is injured by exerting more effort or being subjected to a greater strain than is customary in the performance of his work is not in and of itself sufficient to entitle such workman to participate in the State Insurance Fund; and before such participation may be had it must appear that such increased effort or strain was occasioned by some sudden mishap or unusual event."

In the cited case the claimant's job was to hold a taut wire in connection with a power operated boom. For a period of several weeks prior to the date of the alleged injury, a defect in the equipment being used in claimant's place of employment required greater exertion in the performance of his duty. On the day of the alleged injury, while Mr. Dripps was exerting such effort, he suddenly felt a pain in his arm. In denying the claim on the basis of failure to show that an accidental injury had occurred, the court said at pages 408 and 409:

"It is clear that under Ohio law a workman is not entitled to workmen's compensation for every sudden disability with which he is seized while engaged in the performance of his duties for his employer. **Nelson v. Industrial Commission, 150 Oh St 1, 80 N. E. (2d), 430.** For an employee to receive compensation for an injury arising at a time when he was performing his duties as an employee, he must show that such injury is physical or traumatic in character, that it arouse suddenly and was not intentionally self-inflicted, and that it resulted by external means from some specific event or mishap occurring suddenly and unexpectedly and not in the usual course of events. Since it is not the act of the workman but rather the sudden mishap or event which controls the right to compensation, such event or mishap may well occur as a result of and while such employee is performing a customary and intentional act which comes to an unexpected and unintended result. However, the mere exertion of a greater effort than is ordinarily used or being subjected to some extraordinary strain is not in and of itself sufficient to give rise to a right to compensation; to warrant compensation the need for such strain or effort must be shown to have resulted from some sudden, unusual and unexpected occurrence or some sudden specific mishap or event. In other words, for an injury to be compensable under the Workmen's Compensation Act, it must be physical or traumatic in character and a result of external and accidental means occurring at a time when the employee was in the course of his employment."

"* * * While performing his usual duties, claimant felt this sudden tingling in his arm which is stipulated to be 'a strain in the left arm which has been determined to be a traumatic disturbance of the brachial plexis and further described as a sensory neuritis and impaired sensation involving the median nerve.' The mere sudden appearance of a disability during the course of his employment is insufficient to entitle a workman to participate in the State Insurance Fund; such injury must have been preceded by some sudden mishap, external in character, resulting in the disability. No such mishap was present in this case."

In the case at bar just as in the Dripps case, supra, there is not a scintilla of evidence of an accidental injury by external means resulting from some specific event or mishap occurring suddenly or unexpectedly and which was not in the usual course of events.

This court in a recent decision entered on March 16, 1956, in the case of **Jordon v. Ternstedt, 74 Abs 207,** also held that in order for an injury to be compensable under the act it must be acquired through external and accidental means in addition to the other requirements.

In the case of **Heath v. Standard Oil Co., 68 Abs 571**, this court also affirmed a judgment in behalf of the employer, saying at **page 576,**

"There is no doubt that the plaintiff in moving these barrels of oil through the lube room and onto the lift was regularly and ordinarily subjected to the necessity of heavy lifting or moving but by the authorities, as we interpret them, if this exertion brought about his heart condition, he may not recover."

See also **Artis v. The Goodyear Tire & Rubber Co., 165 Oh St 412,** wherein a judgment for the employee was reversed and final judgment rendered for the employer for the reason that the injury was not caused by a sudden mishap or accidental means.

Because of these recent decisions we deem it not necessary or pertinent to review the earlier cases by our Supreme Court touching upon this question.

We find no error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.

### HEARING ON MOTION

### OPINION

By MILLER, J.

This is a motion to certify the record for the reason that the decision is in conflict with the case of **Tinker v. Firestone Tire and Rubber Co., 19 Abs 227.**

We recognize the conflict but since the decision in the cited case the Supreme Court has announced the rule of law applicable in **Dripps v. Industrial Commission, 165 Oh St 407, 60 O. O. 55,** and upon which this court relied. See also **Artis v. Goodyear Tire & Rubber Co., 165 Oh St 412, 60 O. O. 57.** After the Supreme Court has established the rule of law, any such conflict with a decision of another Court of Appeals is of no consequence. **Whipp v. Industrial Commission, 136 Oh St 531, 17 O. O. 162; Matthews v. Russell, 61 Abs 441; Rospert v. Old Fort Mills, Inc., 81 Oh Ap 241. 37 O. O. 72.**

The motion will be overruled.

PETREE, PJ, BRYANT, J, concur.