**CARTWRIGHT, Plaintiff-Appellee, v. GENERAL MOTORS CORPORATION TERNSTEDT DIVISION, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5738.   Decided February 11, 1958.

Lewis F. Byers, Columbus, for plaintiff-appellee.

Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr., of Counsel, Columbus, for defendant-appellant.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury finding that Richard Cartwright, the plaintiff-appellee herein, was entitled to participate in the benefits accorded to injured workmen under the provisions of the Workmen's Compensation Act.   The errors assigned all relate to the failure of the court to direct a verdict in favor of the defendant employer at the close of the plaintiff's case, at the conclusion of all of the evidence and in refusing to set aside the verdict and render a judgment for the defendant notwithstanding the verdict.

The only question presented on this appeal is whether the claimant sustained an injury within the contemplation of the Workmen's Com-

pensation Act. In order that an injury may be compensable it must be established by the proper degree of proof that the same is "physical or traumatic in character, that it arose suddenly and was not intentionally self-inflicted, and that it resulted by external means from some specific event or mishap occurring suddenly or unexpectedly and not in the usual course of events." **Dripps v. Ind. Com., 165 Oh St 407, 409.**

Now, the record reveals that the plaintiff was engaged in his regular line of work as a paint spreader at the defendant's plant, and that he felt a sudden pain in his back while in a stooped position, as he was helping to carry a pot of paint to his working place. There is no evidence of any slip, fall, blow or any other sudden mishap; hence, the sole cause of the injury arising out of the employment, if any, must have resulted from the performance of those duties for which he was regularly employed.

Although it was controverted, the plaintiff testified that it was unusual for him as a painter to move pots of paint in his work. The fact that more exertion was required when the injury occurred does not make the claim compensable. In the Dripps case, supra, Judge Matthias says at page 409 :

"However, the mere exertion of a greater effort than is ordinarily used or being subjected to some extraordinary strain is not in and of itself sufficient to give rise to a right to compensation; to warrant compensation the need for such strain or effort must be shown to have resulted from some sudden, unusual and unexpected occurrence or some sudden specific mishap or event. In other words, for an injury to be compensable under the Workmen's Compensation Act, it must be physical or traumatic in character and a result of external and accidental means occurring at a time when the employee was in the course of his employment."

This court in a recent decision rendered on March 16, 1956, in the case of **Jordan v. Ternstedt, 74 Abs 207,** held that in order for an injury to be compensable under the act it must be acquired through external and accidental means in addition to the other requirements.

In the case of **Heath v. Standard Oil Co., 68 Abs 571,** this court affirmed a judgment in favor of the employer, saying at page 576 that,

"There is no doubt that the plaintiff in moving these barrels of oil through the lube room and onto the lift was regularly and ordinarily subjected to the necessity of heavy lifting or moving but by the authorities, as we interpret them, if this exertion brought about his heart condition, he may not recover."

In **Artis v. The Goodyear Tire & Rubber Co., 165 Oh St 412,** decided July 5, 1956, and a companion case to the Dripps case, supra, a judgment for the employee was reversed and a final judgment rendered for the employer for the reason that the injury was not caused by a sudden mishap or accidental means. In this case the plaintiff claimed that because of a "shortage of help" he was required to do something he did not customarily do, that is, he was forced to stack some tire liners to a height of seven feet, whereas they were usually only stacked five feet high. He contended that this was an unusual circumstance which entitled him to compensation. The court said at page 413:

"There is no evidence in the present case of any sudden mishap * * *.

"This is not a sudden mishap or happening upon which a claim for workmen's compensation may be based."

See also White v. Indus. Comm., 78 Abs 210, decided by this court on March 13. 1957, and being case No. 5515.

Because of these recent decisions we deem it not necessary or pertinent to review the earlier cases touching upon this question.

. , The judgment will be reversed and final judgment rendered for the defendant.

PETREE, PJ, BRYANT, J, concur.