[Cite as *State v. Wright*, 2013-Ohio-4445.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-MA-14 |
| | ) | |
| RICHARD WRIGHT, | ) | OPINION |
| | ) | AND |
| DEFENDANT-APPELLANT. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:    Motion to Certify Conflict

JUDGMENT:    Denied

APPEARANCES:
For Plaintiff-Appellee

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant

Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: September 30, 2013

PER CURIAM.

**{¶1}** Plaintiff-appellee, the State of Ohio, has filed a motion asking that we certify a conflict to the Ohio Supreme Court between this Court's judgment in *State v. Wright*, 7th Dist. No. 11-MA-14, 2013-Ohio-1424, and the Second District's judgment in *State v. Wilson*, 2d Dist. No. 2803, 1992 WL 15976 (Jan. 21, 1992), and the Tenth District's judgment in *State v. Harris*, 10th Dist. No. 93AP-206, 1993 WL 498019 (Dec. 2, 1993).

**{¶2}** The state proposes that we certify the following issue for review:

> Whether the jury's inconsistency between a conviction for Felonious Assault and the jury's acquittal of the accompanying Firearm Specification warrants a reversal pursuant to *State v. Koss*, 49 Ohio St.3d 213, 551 N.E.2d 970 (1990).

**{¶3}** A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio. Section 3(B)(4), Article V, Ohio Constitution. In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law-not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993). (Emphasis sic.)

**{¶4}** The state has not met this test. In *Wright*, we found the jury's verdicts of guilty of felonious assault, where the jury found appellant knowingly caused or attempted to cause physical harm by means of a deadly weapon or dangerous ordnance, and not guilty of the accompanying firearm specification were inconsistent.

2013-Ohio-1424, at ¶38.  In so finding, we noted that both *Wilson*, supra, and *Harris*, supra, had reached an opposite result, finding that a guilty verdict on a felonious assault count and a not guilty verdict on an accompanying firearm specification did not warrant reversal.  *Wright*, at ¶35.  But we found that *Wilson* and *Harris* both relied on the Ohio Supreme Court case of *State v. Perryman*, 49 Ohio St.2d 14, 358 N.E.2d 1040 (1976), in reaching their judgments.  *Id.*  We noted that the Ohio Supreme Court's decision in *Koss*, supra, was more current and, therefore, controlling.  *Id.* at ¶36.

{¶5}  In *Whipp v. Industrial Commission of Ohio*, 136 Ohio St. 531, 533, 27 N.E.2d 141 (1940), the Ohio Supreme Court pointed out that the Ohio Constitution confers the power and duty upon the Courts of Appeals to certify conflicts

> for the single purpose of promptly bringing such conflict to the attention of this court when it has not previously had an opportunity to make a pronouncement as to the particular principle of law involved; but *after this court has established the rule, any such conflict with a decision of another Court of Appeals is of no consequence*.

(Emphasis added.)  See also, *State v. Morris*, 9th Dist. No. 09CA0022, 2010-Ohio-5682; *White v. Industrial Commission*, 149 N.E.2d 40, 78 Ohio Law Abs. 210 (10th Dist.1957).

{¶6}  In *Koss*, 49 Ohio St.3d at 219, the Court found:

> In view of the evidence which demonstrates that the victim died of a gunshot wound, we must find that the jury's verdict that appellant was guilty of voluntary manslaughter but not guilty of having "a firearm on or about her person or under her control while committing the offense" is inconsistent.  The jury not having found appellant guilty of the gun specification, the prosecution will not be permitted to retry her on the specification upon remand.

{¶7}  We relied on *Koss* in reaching our decision.  *Koss* is the more current

Ohio Supreme Court case than *Perryman*. Therefore, we found it controlling. *Wright*, ¶36. Because the Ohio Supreme Court has already established the rule at issue in this case, any such conflict between our judgment and that of another court of appeals "is of no consequence."

{¶8} For these reasons, the state's motion to certify a conflict is hereby denied. Vukovich, J. concurs with concurring opinion attached. DeGenaro, P.J. dissents with dissenting opinion attached.

Donofrio, J. concurs.
Vukovich, J. concurs with concurring opinion attached.
DeGenaro, P.J. dissents with dissenting opinion attached.

VUKOVICH, J., concurring:

{¶9} I concur with the decision denying the motion to certify a conflict with the *Wilson* and *Harris* decisions for the reasons espoused above. However, I write separately to address the dissent's discussion of *Smith*, *Lovejoy* and *Cook* and to explain why those cases do not provide a basis for certifying a conflict.

{¶10} The dissent asserts that our merit decision in *Wright* is in direct conflict with the Fifth Appellate District's decision in *State v. Cook*, 5th Dist. No. 98-CA-00133, 1999 WL 4162 (Dec. 21, 1998). I disagree for two reasons.

{¶11} First, the Fifth District did not expressly hold that *Perryman* rather than *Koss* was the controlling law in Ohio relative to inconsistent verdicts as the dissent states it did. Rather, the Fifth District stated "We find the facts in the case before us are more similar to those in *Perryman* than in *Koss,* where the verdicts were completely inconsistent on their face." *Id.* This statement clearly indicates that the Fifth Appellate District was finding distinctions between the *Perryman* and *Koss* decisions and used those distinctions to determine which case to apply. Our decision in *Wright* was not based on distinctions between the two cases, but rather that *Koss* was now controlling.

{¶12} Second, and most important, is the fact that the Fifth Appellate District

indicated that the verdicts were consistent with some of the evidence:

> In his second assignment of error, appellant urges the jury's verdict is inconsistent because it found him guilty of aiding and abetting the discharge of a firearm into a habitation but not guilty of the motor vehicle specification. Appellant asserts there was no evidence presented in the record appellant ever fired a gun on the date in question, and the State alleged appellant's entire involvement was driving the car from which the guns were fired. There was testimony, however, one of the shooters exited the vehicle to fire his gun, and then got back in to flee.
>
> * * *
>
> The jury could have believed appellant aided and abetted the shooter who stepped from the vehicle to fire the gun, then got back into the vehicle. The verdicts are consistent which some of the evidence presented.

*Cook.*

{¶13} Therefore, the Fifth Appellate District was finding that the verdicts were not inconsistent if certain presented facts were believed. We did not reach such conclusion in our case. Rather, we found the verdicts were wholly inconsistent. That sole distinction between *Cook* and *Wright* demonstrates that the cases are not similar enough for certification to be required. Thus, there is not a conflict with the Fifth Appellate District.

{¶14} Next, the dissent discusses our prior decision in *State v. Smith*, 7th Dist. No. 06BE22, 2008-Ohio-1670. In that case we were asked to decide whether a motion for new trial should have been granted because the jury **considered** acquitting Smith of the firearm specification. In addressing this argument, we discussed inconsistent verdicts and did cite to *Perryman*. Because there was no inconsistent verdict, we did not apply the law in *Perryman* to the facts of that case; we were not called upon to determine whether *Perryman* or *Koss* was applicable. Thus, our decision was not an implicit rejection of *Koss* and an acceptance of

*Perryman* merely because we failed to cite or refer to *Koss*, but rather cited to *Perryman*. At most it can be concluded that our citation to *Perryman* is dicta.

**{¶15}** Additionally, it must be noted that the dissent's statements regarding *Smith* implies that our decision in *Wright* is in conflict with *Smith*. This insinuation is incorrect since the cases were not decided upon the same question; without an acquittal on the firearm specification there is no conflict upon the same question. However, even if it could somehow be concluded that they are in conflict, the appropriate avenue for this district to resolve that conflict would be through an en banc proceeding. No one requested an en banc review because, as stated above, there is no conflict.

**{¶16}** The dissent then discusses the Ohio Supreme Court's decision in *State v. Lovejoy,* 79 Ohio St.3d 440, 446, 1997-Ohio-371, 683 N.E.2d 1112 (1997) and indicates that it has implicitly affirmed *Perryman*. This analysis provides no basis for certifying a conflict. This portion of the dissent's discussion is merely an extension of its position that we reached the wrong result in *Wright*. Moreover, *Lovejoy* was not discussed or cited in the majority or dissenting opinions in *Wright*, or in any case that the dissent claims is in conflict with *Wright*. As stated above, there has to be an actual conflict upon the same question. *Lovejoy* was not considered and thus, is not part of the same question. Admittedly, if *Wright* is reviewed by the Ohio Supreme Court, the Court may discuss *Lovejoy*. However, that does not mean a conflict should be certified.

**{¶17}** Lastly, it is noted that the dissent's is incorrect in its claim that neither the majority or this concurrence explain why the holding in *Wright* is not in conflict with the holdings in *Wilson* or *Harris*. The entire majority opinion addresses why *Wilson* and *Harris* are not in conflict; there is no conflict because the Ohio Supreme Court has already established a rule in this case. In the beginning paragraph of this opinion, I stated that I agree with that conclusion.

**{¶18}** Consequently, for the above stated reasons, I concur in the majority's opinion.

DeGenaro, P.J., dissents.

**{¶19}** In order to resolve the conflict between this District and the First, Second, Fifth, Sixth, Tenth and Eleventh Districts, I would certify the issue to the Ohio Supreme Court for review as proposed by the State. Not only does this District's decision in *Wright,* which applied *Koss,* conflict with *Wilson* and *Harris,* which applied *Perryman,* regarding the issue of inconsistent verdicts, the majority's decision in *Wright* also conflicts with decisions in the First, Fifth, Sixth and Eleventh Districts. Six of our sister districts have relied upon *Perryman,* five of which do not discuss *Koss;* leading to the logical conclusion that they have rejected *Koss'* rationale. Second, another panel of this District previously cited *Perryman* approvingly when setting forth the analysis to apply to the issue of inconsistent verdicts. Third, the Ohio Supreme Court arguably has implicitly affirmed *Perryman* and rejected *Koss*, in an opinion restating a line of precedent with which *Perryman* is consistent and from which *Koss* is a departure.

**{¶20}** First, in addition to the Second District in *Wilson* and the Tenth in *Harris* as noted by the State*,* three other appellate districts cited to *Perryman* rather than *Koss. State v. Hampton*, 1st Dist. Hamilton No. C-0010159, 2002-Ohio-1907; *State v. Beach*, 6th Dist. Lucas No. L-02-1087, 2004-Ohio-5232; *State v. Henderson*, 11th Dist. Trumbull No. 2010-T-0095, 2012-Ohio-740. The logical presumption is that our sister districts have *sub silentio* determined that despite *Koss* being the more recent authority, *Perryman* is the controlling authority. This is a valid presumption, and an example of a device occasionally used by appellate courts as an analytical tool. In fact, this analytical device was employed by the majority in *Wright* to support its decision, reasoning that even though *Perryman* had been decided earlier, the Supreme Court in *Koss* "necessarily considered if *Perryman* dictated the opposite result and rejected this notion." *Wright,* ¶ 36.

**{¶21}** Further, in *State v. Cook*, 5th Dist. Stark No. 98-CA-00133, 1999 WL 4162 (Dec. 21, 1998), the Fifth District rejected the defendant's simplistic argument that *Koss* should be controlling as the more recent case; and moreover, provided context for *Koss*, noting what the central issue in the case actually was:

Appellant urges *Koss, supra*, is a more recent case, wherein the Supreme Court could have adopted the rational of *Perryman*, but did not.

* * *

*Koss* is the case in with [sic] the Supreme Court established the battered woman syndrome as admissible to explain the state of mind of the defendant. *Koss* focuses on this issue, and the question of the contradictory verdicts on the principal offense and the specifications was a secondary issue. The Supreme Court remanded the matter for retrial based upon the battered woman syndrome, and noted the defendant could not be retried on the gun specification, *Koss,* at 219, 551 N.E.2d 970.

*Cook,* *3-4.

**{¶22}** Conversely, the majority's decision in *Wright* on the merits, and regarding the State's motion to certify conflict considered herein, completely ignored the context of *Koss*. The majority further fails to acknowledge that *Koss* provided no analysis explaining why the verdicts were inconsistent. Nor did the majority point out that *Koss* failed to mention *Perryman;* although contradictorily pointing out that *Wilson* and *Harris* both failed to mention *Koss* or reconcile their decision with *Koss. Id. ¶37.* Instead, the majority reasoned: "the more persuasive view is to follow the more recent Ohio Supreme Court case law in *Koss.*" *Id.*

**{¶23}** Secondly, another panel of this District cited *Perryman* and not *Koss* in *State v. Smith,* 7th Dist. Belmont No. 06 BE 22, 2008-Ohio-1670, when it articulated the analysis to apply to the issue of inconsistent verdicts:

When the jury requested a clarification from the trial court regarding whether it could enter a guilty verdict on the murder but also enter an acquittal on the gun specification, the prosecutor argued that such a seemingly inconsistent result (Proviano unquestionably died from a gunshot wound) may simply have been the result of jury

leniency. The Ohio Supreme Court has long held that there is no inconsistency or reversible error when a jury convicts a defendant on one count but acquits on a separate but related count, "in which there is no material difference." *Browning v. State* (1929), 120 Ohio St. 62, 71, 165 N.E. 566. That Court has also held that a failure of the jury to convict on a specification consistent with, but not a required element of, the underlying crime is not a basis for overturning the verdict: "Where a jury convicts a defendant of an aggravated murder committed in the course of an aggravated robbery, and where that defendant is concurrently acquitted of a specification indicting him for identical behavior, the general verdict is not invalid." *State v. Perryman* (1976), 49 Ohio St.2d 14, 358 N.E.2d 1040, paragraph three of the syllabus. * * * A reviewing court is not permitted to speculate whether jury leniency or some other reason may have resulted in seemingly inconsistent verdicts for separate counts and specifications in the indictment. *State v. Trewartha,* 165 Ohio App.3d 91, 2005-Ohio-5697, 844 N.E.2d 1218, ¶ 38.

It is obvious in this case that Appellant's argument is purely speculative, because there was no inconsistent verdict. The jury convicted Appellant on both the murder charge and the gun specification. Appellant's argument is based on her conclusion that the jury at some point was planning to find her guilty of the murder charge but not guilty of the gun specification. *If there is no reversible error when the jury actually convicts a defendant of murder involving a fatal shooting, but acquits him or her of a gun specification, as noted above,* it is difficult to find any possible reversible error if the jury merely thinks about the possibility of acquitting on the gun specification but ultimately does enter a guilty verdict on both the underlying crime and the specification. *We find no merit in Appellant's argument.*

*Smith*, ¶66-67 (emphasis added).

**{¶24}** Obviously, the panel in *Smith* did not need to apply its holding with respect to the proper analysis to apply to a claim of inconsistent verdicts because there weren't inconsistent verdicts. Rather only the mere possibility in light of the jury's question, which apparently was resolved because Smith was found guilty of both counts. Nonetheless, the panel found Smith's argument meritless, and held that the proper analysis when considering the issue of inconsistent verdicts is the line of cases including *Perryman,* thereby necessarily considering *Koss* and declining to apply that rationale. *See e.g. Wright,* ¶36.

**{¶25}** Third, in *State v. Lovejoy,* 79 Ohio St. 3d 440, 446, 1997-Ohio-371, 683 N.E.2d 1112 (1997) arguably the Ohio Supreme Court affirmed *Perryman* and overruled *Koss*, although it cited neither case:

> The issue of inconsistent verdicts in response to different counts was addressed in *State v. Adams* (1978), 53 Ohio St.2d 223, 7 O.O.3d 393, 374 N.E.2d 137, vacated on other grounds (1978), 439 U.S. 811, 99 S.Ct. 69, 58 L.Ed.2d 103. The court, in approving and following *Browning v. State* (1929), 120 Ohio St. 62, 165 N.E. 566, stated, at paragraph two of the syllabus:
>
> "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. (*Browning v. State,* 120 Ohio St. 62 [165 N.E. 566], approved and followed.)"
>
> That proposition was reaffirmed in *State v. Brown* (1984), 12 Ohio St.3d 147, 12 OBR 186, 465 N.E.2d 889, and most recently approved and followed in *State v. Hicks* (1989), 43 Ohio St.3d 72, 78, 538 N.E.2d 1030, 1037.

*Lovejoy*, 79 Ohio St. 3d at 446.

**{¶26}** In *Lovejoy,* the Supreme Court restated and affirmed the Court's precedent regarding inconsistent verdicts. *Perryman* is consistent with this line of case law, whereas *Koss* diverges without explanation. At a minimum, *Lovejoy* has left open the question of the precedential value of *Koss,* which is now ripe for resolution as a result of the conflict raised by the State.

**{¶27}** The concurring opinion argues for an overly narrow interpretation of what is meant by "the same question," which would make it virtually impossible to have a conflict certified applying that rationale. That *Lovejoy* was not cited in *Wright*, *Wilson* or *Harris* is irrelevant to determining whether a conflict exists; rather, *Lovejoy's* analysis is very relevant. It is appropriate to use *Lovejoy* to support an argument in favor of certification of a conflict.

**{¶28}** Significantly, both the majority and the concurring opinions herein fail to explain why the holding in *Wright* does not conflict with *Wilson* and *Harris.* The contention that *Koss* applies merely because it is the more recent case avoids the issue. Were that the case, *Lovejoy* is more recent than *Koss;* and following the *Wright* majority's rationale, *Lovejoy* should control resolution of this issue. The rationale that a case without any analysis as well as being an anomaly from a consistent line of Ohio Supreme Court jurisprudence, somehow trumps a prior opinion providing substantive analysis of an issue, merely because it is the more recent case, is troubling.